1  E. JOSEPH CONNAUGHTON (SBN 166765)
   jconnaughton@paulplevin.com
2  JENNIFER M. FONTAINE (SBN 258901)
   jfontaine@paulplevin.com
3  **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
   101 West Broadway, Ninth Floor
4  San Diego, California 92101-8285
   Telephone: 619-237-5200
5  Facsimile: 619-615-0700

6  Attorneys for Defendants BELFOR USA Group,
   Inc.; BELFOR Environmental, Inc.; Oakwood
7  Construction and Restoration Services, Inc.; 1
   800 Water Damage North America, LLC

8

9              **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

11  RICHARD RODRIGUEZ, individually, and      Case No.  5:22-cv-2071
    on behalf of other members of the general
12  public similarly situated,                **DEFENDANTS' NOTICE OF REMOVAL
                                              UNDER 28 U.S.C. § 1331 AND 1441**
13              Plaintiff,
                                              **(FEDERAL QUESTION)**
14          v.

15  BELFOR USA GROUP, INC., a Colorado        [Superior Court of the State of
    corporation; BELFOR ENVIRONMENTAL,        California, County of Santa Clara
16  INC. a Colorado corporation; OAKWOOD      Case No. 22CV394662]
    CONSTRUCTION AND RESTORATION
17  SERVICES, INC. a California corporation; 1
    800 WATER DAMAGE NORTH AMERICA,
18  LLC, a Delaware limited liability company;
    and DOES 1 through 10, inclusive,
19
               Defendants.
20

21      **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES**

22  **AND THEIR ATTORNEYS OF RECORD:**

23      PLEASE TAKE NOTICE that Defendants BELFOR USA Group, Inc., BELFOR

24  Environmental, Inc., Oakwood Construction and Restoration Services, Inc., and 1 800 Water

25  Damage North America, LLC (collectively "Defendants") hereby remove this action from the

26  Superior Court of California for the County of Santa Clara, to this Court.  The state court action is

27  a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331 (federal

28  question), and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C.

section 1441.

# I.

## CASE HISTORY

1.     On or about February 25, 2022, Plaintiff Richard Rodriguez, filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California for the County of Santa Clara entitled *Richard Rodriguez, et al. v. BELFOR USA Group, Inc., et al.* and was assigned Case Number 22CV394662.  The Complaint, Civil Case Cover Sheet, and Summons are attached hereto as **Exhibit A**.   On March 2, 2022, Defendants were personally served with the Complaint.

2.     According to the online docket, on February 25, 2022, Plaintiff filed a Notice of Filing Consent to Join Form Under the Fair Labor Standards Act 29 U.S.C. 216 subsection B. This document is attached hereto as **Exhibit B**.

3.     According to the online docket, a Civil Lawsuit Notice was placed on the docket on February 28, 2022.  This document is attached hereto as **Exhibit C**.

4.     According to the online docket, an Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline was placed on the docket on March 1, 2022.  This document is attached hereto as **Exhibit D**.

5.     According to the online docket, on March 29, 2022, Plaintiff filed a Proof of Service of Summons for each Defendant.  These documents are attached hereto as **Exhibit E**.

6.     On March 30, 2022, Defendants filed a Notice of Appearance.  This document is attached hereto as **Exhibit F**.

7.     On March 30, 2022, Defendants filed a Notice of Related Case.  This document is attached hereto as **Exhibit G**.

8.     Other than the attached exhibits, Defendants are not aware of any other documents in the State Court case file.

# II.

## FEDERAL QUESTION JURISDICTION

1.     Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This Court has original

1    jurisdiction to decide this matter under 28 U.S.C. section 1331, and this matter is one that may be

2    removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441 in that

3    Plaintiff's civil action arises under, and is founded on, alleged violations of the Federal Labor

4    Standards Act ("FLSA").

5         2.     Removal to this Court for federal question jurisdiction requires that the federal

6    question be supported by a "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v.*

7    *Thompson*, 478 U.S. 804, 807–808 (1986).  In essence, the grounds for removal must be apparent

8    on the face of the complaint.  *Id.*

9         3.     Here, Plaintiff has specifically alleged that "Defendants have violated, and continue

10   to violate the FLSA, 29 U.S.C. §§ 201, et seq."  (Exhibit A at ¶¶ 64-65.)  Accordingly, the face of

11   the Complaint demonstrates the applicable federal question.

12                                              **III.**

13          **SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

14        4.     This Court has supplemental jurisdiction over Plaintiff's related state law wage

15   claims.  As long as the Complaint sets forth at least one claim arising under federal law, this Court

16   may exercise supplemental jurisdiction to adjudicate those state law claims that "form part of the

17   same case or controversy[.]"  28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c).  State law claims

18   fall within the Court's supplemental jurisdiction when they share "a common nucleus of operative

19   fact" with the federal claims, such that the Plaintiff "would ordinarily be expected to try them all

20   in one judicial proceeding[.]"  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725

21   (1966).

22        5.     Here, all of Plaintiff's claims arise out of a common nucleus of operative facts –

23   *i.e.*, that he was not properly paid all wages earned for the work he performed while employed in a

24   non-exempt (hourly) capacity with Defendants.  (*See* Exhibit A at ¶¶ 15-21.)  The fact that

25   Plaintiff re-alleges, and incorporates by reference, all preceding allegations in each cause of action

26   leaves no doubt that all of Plaintiff's claims arise out of a common nucleus of operative facts.

27   Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

28   U.S.C. § 1367.

6.     Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff's state-based claims do not raise novel or complex issues of state law.  Nor do the state law claims predominate over the FLSA claim by which this Court has original jurisdiction because they all involve the wages and hours of Plaintiffs employment with Defendants.  In addition, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c).  Accordingly, removal is proper under 28 U.S.C. section 1441(c), and this Court may exercise supplemental jurisdiction over each of the Plaintiff's remaining state law claims

## IV.

## REMOVAL IS TIMELY

This Notice of Removal has been filed within thirty (30) days after Defendants were first served with a copy of Plaintiff's complaint.  Therefore, it is filed within the time period mandated by 28 U.S.C. section 1446(b) and is timely.

## V.

## VENUE IS PROPER

Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(a) because the state court action was filed in this district, and it is the judicial district in which the action arose.

WHEREFORE, Defendants pray the above action now pending against it in the Superior Court of the state of California for the County of Santa Clara be removed therefrom to this Court.

Dated:  March 31, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP


By:     */s/ Jennifer M. Fontaine*
          E. JOSEPH CONNAUGHTON
          JENNIFER M. FONTAINE
          Attorneys for Defendants BELFOR USA Group,
          Inc.; BELFOR Environmental, Inc.; Oakwood
          Construction and Restoration Services, Inc.; 1 800
          Water Damage North America, LLC

# Exhibit A

E-FILED
2/25/2022 5:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV394662
Reviewed By: R. Walker

Robert Drexler (SBN 119119)
Robert.Drexler@CapstoneLawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@CapstoneLawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@CapstoneLawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiff Richard Rodriguez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| RICHARD RODRIGUEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BELFOR USA GROUP, INC., a Colorado corporation; BELFOR ENVIRONMENTAL, INC., a Colorado corporation; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC., a California corporation; 1 800 WATER DAMAGE NORTH AMERICA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:   22CV394662<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*);<br>(2) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(3) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(4) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);<br>(5) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);<br>(6) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);<br>(7) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(8) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);<br>(9) Violation of Labor Code § 1198 and California Code of Regulations Title 8, § 11140 Subdivision 5(A) (Failure to Provide Reporting Time Pay);<br>(10)    Violation of California Labor Code § 2802 (Unreimbursed Business |

Expenses);

(11)     Violation of California Business & Professions Code §§ 17200, *et seq.* (Unlawful Business Practices); and

(12)     Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Business Practices)

**Jury Trial Demanded**

Plaintiff Richard Rodriguez, individually and on behalf of all other members of the public similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This class action is brought pursuant to California Code of Civil Procedure section 382 and as a collective action pursuant to 29 U.S.C. § 216(b). The monetary damages, penalties, and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction. Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.

2. This Court has jurisdiction over Defendants because Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this Court, because Defendants employ persons within the County of Santa Clara, and have violated the requirements of the California Labor Code and applicable Wage Order in this county which give rise to the penalties sought in this action. Cal. Code. Civ. P. § 393. Specifically, Defendants have violated the requirements of the California Labor Code and applicable Wage Order in at least one location within the County of Santa Clara, including Defendants' location in San Jose (2297 Ringwood Avenue, San Jose, California 95131). Pursuant to California Civil Code of Procedure section 393, venue is proper for the recovery of a penalty or forfeiture imposed by statute in the county in which the cause, or some part of the cause, arose. Because Defendants have employees in Santa Clara County and Plaintiff could bring this action to recover penalties in Santa Clara County, venue is proper.

**THE PARTIES**

4. Plaintiff Richard Rodriguez is a resident of Fresno, in Fresno County,

CLASS ACTION COMPLAINT

California.  Defendants employed Plaintiff as an hourly paid, non-exempt Water Damage Specialist - Laborer from approximately March 2020 to December 2021.  During his employment, Plaintiff typically worked eight (8) or more hours per day and five (5) or more days per week.  Plaintiff's primary job duties included, without limitation, assessing property damage, setting up drying equipment, and performing demolition and restoration tasks at various jobsites in the northern California area.

5.      BEFLOR USA GROUP, INC. was and is, upon information and belief, a Colorado corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California.

6.      BELFOR ENVIRONMENTAL, INC. was and is, upon information and belief, a Colorado corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California.

7.      OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC. was and is, upon information and belief, a California corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California.

8.      1 800 WATER DAMAGE NORTH AMERICA, LLC was and is, upon information and belief, a Delaware limited liability company, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California.

9.      Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

10.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were the partners, agents, owners, or managers BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC, at all relevant

1 | times.

2 | 11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

3 | acts and omissions alleged herein was performed by, or is attributable to, BELFOR USA

4 | GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND

5 | RESTORATION SERVICES, INC.; 1 800 WATER DAMAGE NORTH AMERICA, LLC;

6 | and/or DOES 1 through 10 (collectively, "Defendants" or "BELFOR"), each acting as the

7 | agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

8 | other co-Defendants and was acting within the course and scope of such agency, employment,

9 | joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts

10 | of any and all Defendants were in accordance with, and represent, the official policy of

11 | Defendants.

12 | 12.    At all relevant times, Defendants, and each of them, ratified each and every act

13 | or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

14 | and abetted the acts and omissions of each and all the other Defendants in proximately causing

15 | the damages herein alleged.

16 | 13.    Plaintiff is informed and believes, and thereon alleges, that each of said

17 | Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

18 | omissions, occurrences, and transactions alleged herein.

19 | 14.    Under California law, Defendants are jointly and severally liable as employers

20 | for the violations alleged herein because they have each exercised sufficient control over the

21 | wages, hours, working conditions, and employment status of Plaintiff and class members.

22 | Each Defendant had the power to hire and fire Plaintiff and class members, supervised and

23 | controlled their work schedule and/or conditions of employment, determined their rate of pay,

24 | and maintained their employment records.  Defendants suffered or permitted Plaintiff and

25 | class members to work and/or "engaged" Plaintiff and class members so as to create a

26 | common-law employment relationship.  As joint employers of Plaintiff and class members,

27 | Defendants are jointly and severally liable for the civil penalties and all other relief available

28 | to Plaintiff and class members under the law.

CLASS ACTION COMPLAINT

15.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class members because Defendants have:

      (a)      jointly exercised meaningful control over the work performed by Plaintiff and class members;

      (b)      jointly exercised meaningful control over Plaintiff's and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiff and class members;

      (c)      jointly required that Plaintiff and class members perform work which is an integral part of Defendants' businesses; and

      (d)      jointly exercised control over Plaintiff and class members as a matter of economic reality in that Plaintiff and class members were dependent on Defendants, who shared the power to set the wages of Plaintiff and class members and determined their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

16.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times there has existed a unity of interest and ownership between Defendants such that any individuality and separateness between the entities has ceased.

17.      BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; 1 800 WATER DAMAGE NORTH AMERICA, LLC; and DOES 1 through 10 are therefore alter egos of each other.

18.      Adherence to the fiction of the separate existence of Defendants would permit an abuse of the corporate privilege, and would promote injustice by protecting Defendants from liability for the wrongful acts committed by them under the name BELFOR.

19.    Plaintiff further alleges, upon information and belief, that Defendants BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC are alter egos of each other for the following reasons:

(a)    On the California Secretary of State's website (https://businesssearch.sos.ca.gov/), BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC have the same entity address and mailing address, which is "185 OAKLAND AVE, STE 150, BIRMINGHAM, MI 48009";

(b)    According to the most recent "Statement of Information" forms filed with the California Secretary of State, BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC share common officers and/or directors, including Director and Chief Executive Officer, Sheldon Yellen, and Secretary, Michael Yellen;

(c)    On information and belief, BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC share the same agent for service of process, "CT CORPORATION SYSTEM (C0168406)"; and

(d)    On information and belief, BELFOR USA GROUP, INC.; BELFOR ENVIRONMENTAL, INC.; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC.; and 1 800 WATER DAMAGE NORTH AMERICA, LLC utilize the same standardized employment forms and issue the same employment policies.

**GENERAL ALLEGATIONS**

20.     Defendants are a provider of property recovery and restoration services, for the purpose of restoring structures damaged as a result of fires, floods, and natural disasters. Upon information and belief, Defendants maintain a single, centralized Human Resources ("HR") department at their company headquarters in Birmingham, Michigan, which is responsible for the recruiting and hiring of new employees, and communicating and implementing Defendants' company-wide policies, including timekeeping policies and meal and rest period policies, to employees throughout California.

21.     In particular, Plaintiff and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Defendants dictated policies at the corporate level and implemented them company-wide, regardless of their employees' assigned locations or positions.  Upon information and belief, Defendants set forth uniform policies and procedures in several documents provided at an employee's time of hire.

22.     Upon information and belief, Defendants maintain a centralized Payroll department at their company headquarters in Birmingham, Michigan, which processes payroll for all non-exempt, hourly paid employees working for Defendants at their various locations and jobsites in California, including Plaintiff and class members.  Based upon information and belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid employees in California, irrespective of their work locations.  Upon information and belief, Defendants process payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

23.     Defendants continue to employ non-exempt or hourly paid employees in California.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about federal and California labor and wage law, employment

1    and personnel practices, and about the requirements of federal and California law.

2        25.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

3    members were not paid for all hours worked because all hours worked were not recorded.

4        26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5    should have known that Plaintiff and class members were entitled to receive certain wages for

6    overtime compensation and that they were not receiving certain wages for overtime

7    compensation.

8        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9    should have known that Plaintiff and class members were entitled to receive at least minimum

10   wages for compensation and that they were not receiving at least minimum wages for work

11   that was required to be done off-the-clock.  In violation of the Fair Labor Standards Act and

12   California Labor Code, Plaintiff and class members were not paid at least minimum wages for

13   work done off-the-clock.

14       28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15   should have known that Plaintiff and class members were entitled to meal periods in

16   accordance with the California Labor Code and applicable IWC Wage Order or payment of

17   one (1) additional hour of pay at their regular rates of pay when they were not provided with

18   timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members

19   were not provided with all meal periods or payment of one (1) additional hour of pay at their

20   regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal

21   period.

22       29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

23   should have known that Plaintiff and class members were entitled to rest periods in

24   accordance with the California Labor Code and applicable IWC Wage Order or payment of

25   one (1) additional hour of pay at their regular rates of pay when they were not authorized and

26   permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff

27   and class members were not authorized and permitted to take compliant rest periods, nor did

28   Defendants provide Plaintiff and class members with payment of one (1) additional hour of

pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, within permissible time periods.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, within permissible time periods.

34.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, that Defendants knew or should have known that they had a duty to cover the costs and expenses Plaintiff and class members incurred obtaining mandatory physical examinations and/or drug tests, but failed to do so.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

should have known that they were not permitted to compel or coerce Plaintiff and class members to patronize their business in the purchase of anything of value, but did in fact require Plaintiff and class members to purchase various items, including mobile devices, from Defendants.

36.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to one day's rest in seven. In violation of the California Labor Code, Defendants required Plaintiff and class members to work more than six consecutive days without a day of rest, where the total hours worked exceeded 30 hours in any week or six hours in any one day thereof.

37.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all reporting time pay when Defendants required Plaintiff and class members to report to work but put them to work for less than half of their regular scheduled shift.  In violation of the California Labor Code and applicable IWC Wage Order, Plaintiff and class members were not paid all reporting time pay.

38.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to a sufficient number of toilet facilities to use at the workplace.  In violation of the California Labor Code and the standards adopted by the Occupational Safety and Health Standards Board, Defendants failed to provide Plaintiff and class members with a toilet facility.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

40.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with

1  Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

2       41.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

3  mentioned, Defendants knew or should have known that they had a duty to compensate

4  Plaintiff and class members for all hours worked, and that Defendants had the financial ability

5  to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and

6  falsely represented to Plaintiff and class members that they were properly denied wages, all in

7  order to increase Defendants' profits.

8                          **CLASS ACTION ALLEGATIONS**

9       42.     Plaintiff brings this action on his own behalf, as well as on behalf of each and

10  all other persons similarly situated, and thus seeks class certification under California Code of

11  Civil Procedure section 382.

12       43.     Plaintiff brings the First Cause of Action under the Fair Labor Standards Act, 29

13  U.S.C. § 201, *et seq.* ("FLSA"), as a nationwide "opt-in" collective action pursuant to 29 U.S.C.

14  § 216(b), on behalf of:

15            All non-exempt, hourly paid employees at any of Defendants'
              locations nationwide within three (3) years prior to the filing of
16            this complaint until the date of trial ("Collective Action Class").

17       44.     All other claims alleged herein arise under California law for which Plaintiff

18  seeks relief authorized by California law.

19       45.     Plaintiff's proposed class consists of and is defined as follows:

20            All persons who worked for Defendants as non-exempt, hourly
              paid employees in California, within four years prior to the filing
21            of the initial complaint until the date of trial ("Class").

22       46.     Plaintiff's proposed subclass consists of and is defined as follows:

23            All persons who worked for Defendants as non-exempt, hourly
              paid employees in California and who received at least one wage
24            statement within one (1) year prior to the filing of the initial
              complaint until the date of trial ("Subclass").
25

26       47.     Members of the Collective Action Class, Class, and Subclass are referred to

27  herein as "class members."

28       48.     Plaintiff reserves the right to redefine the Collective Action Class, Class, and

Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

49.     There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)     Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff, Collective Action class members, and class members;

(b)     Whether Defendants failed to pay Plaintiff, Collective Action class members, and class members at least minimum wages for all hours worked;

(c)     Whether Defendants failed to provide Plaintiff and class members with meal periods;

(d)     Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(e)     Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(f)     Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(g)     Whether Defendants failed to pay earned overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay due to Plaintiff and class members upon their discharge;

(h)     Whether Defendants failed timely to pay overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay due to Plaintiff and class members during their employment;

(i)     Whether Defendants failed to pay Plaintiff and class members for the

costs of mandatory physical examinations and/or drug testing;

(j)    Whether Defendants compelled and/or coerced Plaintiff and class members to patronize their business;

(k)    Whether Defendants failed to provide Plaintiff and class members one day's rest in seven;

(l)    Whether Defendants required Plaintiff and class members to report to work, but failed to provide them with work or provided them with less than half their scheduled day's work, without properly compensating them as required by California Code of Regulations, Title 8, section 11160, subsection 5;

(m)    Whether Defendants failed to provide a sufficient number of toilet facilities to Plaintiff and class members;

(n)    Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(o)    Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(p)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(q)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

50.    There is a well-defined community of interest in the litigation and the class members are readily ascertainable:

(a)    <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the

1    identity of such membership is readily ascertainable by inspection of

2    Defendants' employment records.

3    (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

4    protect the interests of each class member with whom he has a well-

5    defined community of interest, and Plaintiff's claims (or defenses, if

6    any) are typical of all class members as demonstrated herein.

7    (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately

8    protect the interests of each class member with whom he has a well-

9    defined community of interest and typicality of claims, as demonstrated

10    herein.  Plaintiff acknowledges that he has an obligation to make known

11    to the Court any relationship, conflicts or differences with any class

12    member.  Plaintiff's attorneys, the proposed class counsel, are versed in

13    the rules governing class action discovery, certification, and settlement.

14    Plaintiff has incurred, and throughout the duration of this action, will

15    continue to incur costs and attorneys' fees that have been, are, and will

16    be necessarily expended for the prosecution of this action for the

17    substantial benefit of each class member.

18    (d)    Superiority:  The nature of this action makes the use of class action

19    adjudication superior to other methods.  A class action will achieve

20    economies of time, effort, and expense as compared with separate

21    lawsuits, and will avoid inconsistent outcomes because the same issues

22    can be adjudicated in the same manner and at the same time for the

23    entire class.

24    (e)    Public Policy Considerations:  Employers in the State of California

25    violate employment and labor laws every day.  Current employees are

26    often afraid to assert their rights out of fear of direct or indirect

27    retaliation.  Former employees are fearful of bringing actions because

28    they believe their former employers might damage their future

endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

**FIRST CAUSE OF ACTION**

**Violation of Fair Labor Standards Act – 29 U.S.C. §§ 201,** *et seq.*

**(On Behalf of Plaintiff and Collective Action Class Members Against all Defendants)**

51.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each allegation set forth above.

52.     Defendants are employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

53.     Defendants employed and/or continue to employ Plaintiff and Collective Action class members within the meaning of the FLSA.

54.     Plaintiff has expressly consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

55.     Pursuant to the FLSA, Defendants were required to compensate Plaintiff and Collective Action class members an amount at least equal to the applicable minimum wage for all hours worked, and for overtime at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.  29 U.S.C. §§ 206(a), 207(a).

56.     During the relevant time period, Plaintiff and Collective Action class members worked in excess of 40 hours in a workweek.

57.     As alleged in greater detail below, Defendants required Plaintiff and Collective Action class members to regularly work off-the-clock before and after scheduled shifts, during unpaid meal periods, and for mandatory drug tests and/or physical examinations.  As a result, Defendants failed to pay Plaintiff and Collective Action class members minimum wages for all hours worked and failed to pay overtime compensation for all hours worked in excess of 40 hours in a workweek.

58.     First, during the relevant time period, Defendants required Plaintiff and

Collective Action class members to travel to distant jobsites and assignments, but did not compensate them for their time spent traveling to and from these locations. Although Plaintiff and Collective Action class members typically met at Defendants' warehouse(s) or office(s) to ride in company-provided vehicles or transportation to client locations, Defendants would also require Plaintiff and Collective Action class members to drive their personal vehicles to jobsites for certain clients or when there was an insufficient number of company vehicles available to transport employees. For example, Defendants sometimes required Plaintiff to drive for approximately 40 minutes or more from his home in Fresno, California, to various jobsites, including those in Auberry, California. However, Plaintiff and Collective Action class members were not allowed to clock in until arriving at the assigned jobsite for the start of their scheduled shifts, and thus were not paid for any time spent traveling to or from the distant jobsite. Thus, Plaintiff and Collective Action class members were not compensated for this travel time, despite being under the direction and control of Defendants.

59. Second, during the relevant time period, Defendants had a company-wide policy and/or practice of requiring Plaintiff and Collective Action class members to complete work-related duties while off-the-clock, such as responding to communications on their personal mobile devices, including cellular phones. For example, at least once per week, Plaintiff was required to respond to phone communications from Defendants' management regarding work-related duties, such as obtaining instructions for his daily assignments, before arriving at Defendants' facility and before he was permitted to clock in for his scheduled shift. Additionally, about once per week, Defendants' management would call Plaintiff after he had clocked out at the end of his scheduled shift, to discuss the status of various restoration projects. Defendants knew or should have known that Plaintiff and Collective Action class members were being made to respond to management while off-the-clock in order to meet Defendants' expectations, but failed to compensate them for this time worked.

60. Third, Defendants had, and continue to have, a company-wide policy of understaffing, such that there were too few employees on duty to handle the heavy workload, meet insurance inspection deadlines, and provide uninterrupted meal period coverage to

permit employees to take compliant meal periods.  Because Defendants understaffed their jobsites, there was no one available to relieve employees needing meal period coverage, and Plaintiff and Collective Action class members were not always afforded uninterrupted thirty (30) minute meal periods during shifts when they were entitled to receive a meal period. Moreover, Defendants had a practice of failing to schedule meal periods or adhere to a schedule for meal periods, which further caused Plaintiff and Collective Action class members to not be relieved of their duties for compliant meal periods.  For example, approximately once per month, Plaintiff was required to work through his meal periods, in order to complete his assigned tasks.  In conjunction with understaffing their jobsites, Defendants had a company-wide practice or policy of requiring that Plaintiff and Collective Action class members carry and respond to company-issued cellular phones at all times, including during meal periods.  For example, approximately three times per week, Plaintiff would have his meal periods interrupted and/or shortened to discuss work-related tasks with Defendants' managers on his company-owned cellular phone or in-person.  Defendants knew or should have known that Plaintiff and Collective Action class members were performing work while off-the-clock, during their meal periods, but failed to compensate them for this time.

61.     Furthermore, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured Plaintiff and Collective Action class members to clock out for meal periods regardless of whether they had received a compliant meal period or not, in order to strictly limit the meal penalties that would need to be paid by Defendants.  For example, Plaintiff was pressured by Defendants' managers, including General Manager Gerry Randrup, Project Manager Alex Laparra, and his supervisor Don Cable, to clock out and record compliant meal periods on shifts when he had not, in fact, received a compliant meal period.  Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and Collective Action class members performed work during meal periods for which they were not paid.

62.     Fourth, Defendants maintained and implemented a company-wide policy of requiring all employees to travel to a medical facility on their own time and using their own

personal vehicles to undergo mandatory drug testing and/or physical examinations. At all times, Defendants were in control of scheduling the time period for the testing and/or physical examinations, selecting the provider or facility where the testing and/or physical examinations were to take place, and determining the scope of the testing and/or physical examinations. For example, Defendants gave Plaintiff strict instructions to obtain drug testing and a physical examination, and Plaintiff underwent the testing and examination for the sole benefit of Defendants. Plaintiff followed Defendants' instructions, spent time traveling to and from Defendants' designated medical facility, Concentra Urgent Care in Fresno, California, and spent additional time waiting at the medical facility and undergoing the requisite drug testing and/or physical examination. However, Defendants did not compensate Plaintiff and Collective Action class members for the time they spent traveling to and from the medical facilities and undergoing the mandatory drug testing and/or physical examinations.

63.     Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and Collective Action class members were performing their assigned duties off-the-clock before or after their shifts and during their meal periods, and were suffered or permitted to perform work for which they were not paid. Defendants did not pay minimum wages for off-the-clock hours that Plaintiff and Collective Action class members worked through; and because Plaintiff and Collective Action class members worked forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and Collective Action class members were not paid minimum wages and/or overtime wages for all of the hours they actually worked.

64.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continues to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and Collective Action class members. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and Collective Action class members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

65.     Based on the foregoing and allegations herein, Defendants have violated 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 206(a), 207(a) and 215(a).

66.     Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff, on behalf of himself and Collective Action class members, seeks to recover their respective unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and any other relief the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

### (Against all Defendants)

68.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

69.     Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

70.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

71.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

72.     The applicable IWC Wage Order further provides that Defendants are and were

required to pay Plaintiff and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

73.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

74.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day or in excess of forty (40) hours in a week, because all hours worked were not recorded.

75.    First, during the relevant period, Defendants had a company-wide rotating "on-call" policy, whereby they scheduled Plaintiff and class members to work an "on-call" week once a month.  During an "on-call" week, Plaintiff and class members had to be available 24 hours per day and seven (7) days per week, and report to work upon receiving a call from Defendants notifying them that they were needed.  While "on-call," Plaintiff and class members would be required to respond to service requests from clients and customers that had come through Defendants' 24-Hour Emergency Hotline.  Defendants issued company cellular phones to Plaintiff and class members, which they were required to keep on their persons and respond to immediately while working an "on-call" week.  When scheduled to be "on-call," Plaintiff and class members were, in essence, on controlled standby for Defendants because they could not use that time freely for their own purposes and were forced to put their lives on hold.  For example, Plaintiff refrained from making plans altogether while "on-call" because he knew that he had to drop whatever he was doing at a moment's notice if he received a call

from Defendants to report to work.  However, Defendants failed to pay Plaintiff and class members for the time during which they were waiting to receive a call from Defendants and unable to use their time for their own purposes.

76.     Second, during the relevant time period, Defendants required Plaintiff and class members to travel to distant jobsites and assignments, but did not compensate them for their time spent traveling to and from these locations.  Although Plaintiff and class members typically met at Defendants' warehouse(s) or office(s) to ride in company-provided vehicles or transportation to client locations, Defendants would also require Plaintiff and class members to drive their personal vehicles to jobsites for certain clients or when there was an insufficient number of company vehicles available to transport employees.  For example, Defendants sometimes required Plaintiff to drive for approximately 40 minutes or more from his home in Fresno, California, to various jobsites, including those in Auberry, California.  However, Plaintiff and class members were not allowed to clock in until arriving at the assigned jobsite for the start of their scheduled shifts, and thus were not paid for any time spent traveling to or from the distant jobsite.  Thus, Plaintiff and class members were not compensated for this travel time, despite being under the direction and control of Defendants.

77.     Third, during the relevant time period, Defendants had a company-wide policy and/or practice of requiring Plaintiff and class members to complete work-related duties while off-the-clock, such as responding to communications on their personal mobile devices, including cellular phones.  For example, at least once per week, Plaintiff was required to respond to phone communications from Defendants' management regarding work-related duties, such as obtaining instructions for his daily assignments, before arriving at Defendants' facility and before he was permitted to clock in for his scheduled shift.  Additionally, about once per week, Defendants' management would call Plaintiff after he had clocked out at the end of his scheduled shift, to discuss the status of various restoration projects.  Defendants knew or should have known that Plaintiff and class members were being made to respond to management while off-the-clock in order to meet Defendants' expectations, but failed to compensate them for this time worked.

78.     Fourth, Defendants had, and continue to have, a company-wide policy of understaffing, such that there were too few employees on duty to handle the heavy workload, meet insurance inspection deadlines, and provide uninterrupted meal period coverage to permit employees to take compliant meal periods.  Because Defendants understaffed their jobsites, there was no one available to relieve employees needing meal period coverage, and Plaintiff and class members were not always afforded uninterrupted thirty (30) minute meal periods during shifts when they were entitled to receive a meal period.  Moreover, Defendants had a practice of failing to schedule meal periods or adhere to a schedule for meal periods, which further caused Plaintiff and class members to not be relieved of their duties for compliant meal periods.  For example, approximately once per month, Plaintiff was required to work through his meal periods, in order to complete his assigned tasks.  In conjunction with understaffing their jobsites, Defendants had a company-wide practice or policy of requiring that Plaintiff and class members carry and respond to company-issued cellular phones at all times, including during meal periods.  For example, approximately three times per week, Plaintiff would have his meal periods interrupted and/or shortened to discuss work-related tasks with Defendants' managers on his company-owned cellular phone or in-person. Defendants knew or should have known that Plaintiff and class members were performing work while off-the-clock, during their meal periods, but failed to compensate them for this time.

79.     Furthermore, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured Plaintiff and class members to clock out for meal periods regardless of whether they had received a compliant meal period or not, in order to strictly limit the meal penalties that would need to be paid by Defendants.  For example, Plaintiff was pressured by Defendants' managers, including General Manager Gerry Randrup, Project Manager Alex Laparra, and his supervisor Don Cable, to clock out and record compliant meal periods on shifts when he had not, in fact, received a compliant meal period.  Thus, Defendants did not record all hours worked during meal periods, and Plaintiff and class members performed work during meal periods for which

CLASS ACTION COMPLAINT

they were not paid.

80.     Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock and/or during meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members worked shifts of eight (8) hours or more a day or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

81.     Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages

### (Against all Defendants)

82.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

83.     At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 16-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11160(2)(J) (defining "Hours Worked").

84.     As set forth above, Defendants systematically, and on a company-wide basis, required Plaintiff and class members to work "on-call" shifts during which they had to put

their lives on hold and were restricted from using that time freely for their own purposes. Even though Plaintiff and class members were subject to Defendants' control during an "on-call" shift, Defendants did not pay Plaintiff and class members at least minimum wages for all hours that they were suffered or permitted to work.

85.    In addition, as stated, Defendants systematically failed to pay Plaintiff and class members for actual hours worked before and after scheduled shifts, including time spent traveling to and from distant jobsites and time spent responding to work-related calls on their personal mobile devices.  Further, as also stated above, due to Defendants' uniform practices of understaffing while assigning heavy workloads/deadlines and requirement that employees carry and respond to their company-issued cellular phones during unpaid meal periods, Plaintiff and class members were impeded from taking all uninterrupted meal periods to which they were entitled and were required to work off-the-clock.  Moreover, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, Defendants' management pressured employees to clock out for meal periods even when meal periods were missed, short, and/or interrupted.  Thus, Defendants systematically failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods because these hours were not always correctly recorded.

86.    Furthermore, Defendants maintained and implemented a company-wide policy of requiring all employees to travel to a medical facility on their own time and using their own personal vehicles to undergo mandatory drug testing and/or physical examinations.  At all times, Defendants were in control of scheduling the time period for the testing and/or physical examinations, selecting the provider or facility where the testing and/or physical examinations were to take place, and determining the scope of the testing and/or physical examinations.  For example, Defendants gave Plaintiff strict instructions to obtain drug testing and a physical examination, and Plaintiff underwent the testing and examination for the sole benefit of Defendants.  Plaintiff followed Defendants' instructions, spent time traveling to and from Defendants' designated medical facility, Concentra Urgent Care in Fresno, California, and spent additional time waiting at the medical facility and undergoing the requisite drug testing

and/or physical examination.  However, Defendants did not compensate Plaintiff and class members for the time they spent traveling to and from the medical facilities and undergoing the mandatory drug testing and/or physical examinations.

87.     Thus, Defendants did not pay minimum wages for all hours worked by Plaintiff and class members.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

88.     Defendants' failure to pay Plaintiff and class members minimum wages violates California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FOURTH CAUSE OF ACTION

### Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period Violations

### (Against all Defendants)

89.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

90.     At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.  Under California law, first meal periods must start after no more than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

91.     At all relevant times herein set forth, California Labor Code sections 226.7, 512(a), 516, and 1198 provide that no employer shall require an employee to work during any meal period mandated by an applicable order of the IWC.

92.     At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

93.     During the relevant time period, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing their jobsites while assigning heavy workloads and insurance inspection deadlines, which created a lack of adequate meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.  In conjunction with understaffing their jobsites, Defendants had a company-wide practice or policy of failing to schedule meal periods and/or adhere to a schedule for meal periods, which exacerbated the lack of meal period coverage.  As a result of Defendants' understaffing and resultant lack of meal period coverage, Plaintiff and class members worked through meal periods, took meal periods late, and/or had their meal periods interrupted or shortened.  For example, about once per month, Plaintiff took his meal periods well into the seventh hour of work due to understaffing, the heavy workload, and pressure to meet inspection deadlines.  As a further example, as stated, approximately once per month, Plaintiff was required to work through his meal periods, due to the heavy workload, in order to complete his assigned tasks and meet Defendants' expectations.

94.     Moreover, as stated, Defendants had, and continue to have, a company-wide policy and/or practice of requiring that Plaintiff and class members carry a company-issued cellular phone to respond to requests at all times, including during meal periods.  Defendants' management contacted Plaintiff and class members on their company-issued cellular phones during unpaid meal periods to discuss work-related matters.  For example, approximately three times per week, Plaintiff had his meal periods interrupted and/or shortened to discuss

work-related tasks with Defendants' managers either in-person or on his company-owned cellular phone.

95.    Furthermore, Defendants did not provide Plaintiff and class members with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day.  During his employment, Plaintiff worked shifts in excess of ten (10) or more hours per day, but was never provided a second 30-minute meal period.  Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

96.    At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods. Defendants further knew or should have known that Defendants did not pay Plaintiff and class members meal period premiums when meal periods were late, interrupted, shortened, or missed.   As set forth above, on information and belief, because Defendants frowned upon employees accruing meal period penalties, Defendants' management pressured Plaintiff and class members to clock out for meal periods regardless of whether they had received a compliant meal period or not, in order to strictly limit the meal penalties that would need to be paid by Defendants.

97.    Moreover, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed, late, and interrupted meal periods.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

98.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

**FIFTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**

**(Against all Defendants)**

99.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

100.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

101.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

102.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

103.     During the relevant time period, Defendants regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide

practices, including understaffing and assigning heavy workloads and deadlines, prevented Plaintiff and class members from being relieved of all duty to take rest periods. Additionally, Defendants also failed to adhere to a schedule for rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take compliant rest periods. Moreover, as stated, Plaintiff and class members were required to carry their company-provided cellular phones to respond to communications from management at all times, including during rest periods.

104.    Furthermore, Defendants maintained and implemented a company-wide on-premises rest period policy, which mandated that Plaintiff and class members remain on the premises during their rest periods. Because Plaintiff and class members were restricted from leaving Defendants' premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands. Thus, Defendants effectively maintained control over Plaintiff and class members during rest periods.

105.    As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. For example, Plaintiff had to forego his rest periods approximately seven (7) times per week, due to Defendants' policy of assigning heavy workloads and deadlines and failing to provide sufficient rest period coverage.

106.    Defendants have also engaged in a company-wide practice and/or policy of not paying all rest period premiums owed when compliant rest periods are not authorized and permitted. Because of this practice and/or policy, Plaintiff and class members have not received premium pay for all missed rest periods.

107.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and

permitted.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

**Statements and Failure to Maintain Accurate Payroll Records**

**(Against all Defendants)**

108.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

109.     At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

110.     At all relevant times, Defendants have knowingly and intentionally provided Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements. For example, Defendants issued uniform wage statements to Plaintiff and Subclass members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

111.     During the relevant time period, Defendants issued wage statements to Plaintiff and Subclass members that fail to list all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in compliance with section 226(a)(9).  For example, Defendants paid Plaintiff and Subclass members prevailing wages when they worked on public projects.  On information and belief, these wages were listed on Plaintiff's and Subclass members' wage statements as "Cash Fringe."  However, Defendants listed prevailing wages earned in lump sum amounts and did not list any applicable pay rates or corresponding hours worked, in violation of section 226(a)(9).  In

1   addition to being unlawful, this practice makes it extremely difficult for employees to

2   determine whether they are being paid correctly or not.

3       112.    Additionally, because Defendants did not record the time Plaintiff and Subclass

4   members spent working off-the-clock and deducted time from their records for meal periods

5   that were interrupted and/or missed (and therefore time for which they should have been paid),

6   Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff

7   and Subclass members in compliance with section 226(a)(1) and section 226(a)(5),

8   respectively.  For the same reason, Defendants failed to accurately list the total number of

9   hours worked by Plaintiff and Subclass members, in violation of section 226(a)(2), and failed

10  to list the applicable hourly rates of pay in effect during the pay period and the corresponding

11  accurate number of hours worked at each hourly rate, in violation of section 226(a)(9).

12      113.    The wage statement deficiencies also include, among other things, failing to list

13  the number of piece-rate units earned and any applicable piece rate if the employee is paid on

14  a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period

15  for which employees were paid; failing to list the name of the employee and only the last four

16  digits of his or her social security number or an employee identification number other than a

17  social security number; failing to list the name and address of the legal entity that is the

18  employer; and/or failing to state all hours worked as a result of not recording or stating the

19  hours they worked off-the-clock.

20      114.    California Labor Code section 1174(d) provides that "[e]very person employing

21  labor in this state shall . . . [k]eep a record showing the names and addresses of all employees

22  employed and the ages of all minors" and "[k]eep, at a central location in the state or at the

23  plants or establishments at which employees are employed, payroll records showing the hours

24  worked daily by and the wages paid to, and the number of piece-rate units earned by and any

25  applicable piece rate paid to, employees employed at the respective plants or

26  establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

27  Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass

28  members showing the daily hours they worked and the wages paid thereto as a result of failing

1    to record the off-the-clock hours that they worked.

2        115.   California Labor Code section 1198 provides that the maximum hours of work

3    and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

4    set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he

5    employment of any employees for longer hours than those fixed by the order or under

6    conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

7    Wage Order, employers are required to keep accurate time records showing when the

8    employee begins and ends each work period and meal period.  During the relevant time

9    period, Defendants engaged in company-wide practices and/or policies of failing to record

10   actual hours worked (including falsifying time records by recording that compliant meal

11   periods were taken regardless of if or when meal periods were actually taken), and thereby

12   failed to keep accurate records of work period and meal period start and stop times for

13   Plaintiff and Subclass members, in violation of section 1198.  Furthermore, in light of

14   Defendants' failure to provide Plaintiff and Subclass members with second 30-minute meal

15   periods to which they were entitled, Defendants kept no records of meal start and end times

16   for second meal periods.

17       116.   Plaintiff and Subclass members are entitled to recover from Defendants the

18   greater of their actual damages caused by Defendants' failure to comply with California Labor

19   Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

20   employee.

21   **SEVENTH CAUSE OF ACTION**

22   **Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon**

23   **Termination**

24   **(Against all Defendants)**

25       117.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

26   and every allegation set forth above.

27       118.   This cause of action is dependent upon, and wholly derivative of, the overtime

28   wages, minimum wages, meal and rest period premiums, and/or reporting time pay that were

not timely paid to Plaintiff and those class members no longer employed by Defendants upon their termination.

119.   At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

120.   Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

121.   Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

122.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

123.   This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay that were

1    not timely paid to Plaintiff and those class members.

2       124.    At all times relevant herein set forth, Labor Code section 204 provides that all

3    wages earned by any person in any employment between the first (1st) and the fifteenth (15th)

4    days, inclusive, of any calendar month, other than those wages due upon termination of an

5    employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of

6    the month during which the labor was performed.

7       125.    At all times relevant herein, Labor Code section 204 provides that all wages

8    earned by any person in any employment between the sixteenth (16th) and the last day,

9    inclusive, of any calendar month, other than those wages due upon termination of an

10   employee, are due and payable between the first (1st) and the tenth (10th) day of the following

11   month.

12      126.    At all times relevant herein, Labor Code section 204 provides that all wages

13   earned for labor in excess of the normal work period shall be paid no later than the payday for

14   the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section

15   204 provides that the requirements of this section are deemed satisfied by the payment of

16   wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than

17   seven (7) calendar days following the close of the payroll period.

18      127.    During the relevant time period, Defendants willfully failed to pay Plaintiff and

19   class members all wages due including, but not limited to, overtime wages, minimum wages,

20   meal and rest period premiums, and/or reporting time pay, within the time periods specified

21   by California Labor Code section 204.

22      128.    Defendants' failure to timely pay Plaintiff and class members all wages due

23   violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover

24   from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

25                          **NINTH CAUSE OF ACTION**

26   **Violation of Labor Code § 1198 and California Code of Regulations Title 8, Section**

27   **11160 Subdivision 5(A)—Failure to Provide Reporting Time Pay**

28                          **(Against all Defendants)**

129.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

130.   California Labor Code section 1198 dictates that no employer may employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. California Labor Code section 1198 further requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

131.   The applicable IWC Wage Order, California Code of Regulations, Title 8, section 11160(5)(A), provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

132.   During the relevant time period, Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11160(5)(A), because Defendants failed to pay Plaintiff and class members reporting time pay when they reported to work for their scheduled shift but were put to work for less than half of the regularly scheduled day's work.

133.   As stated, Defendants had a company-wide "on-call" policy, whereby they scheduled Plaintiff and class members to work "on-call," or on standby.  When scheduled for a "on-call" or standby shift, Plaintiff and class members regularly presented themselves as ready for work by waiting for supervisors to call them regarding emergency service requests. When this occurred, Defendants did not pay Plaintiff and class members for at least half of their scheduled day's work or the minimum reporting time pay when they were subject to Defendants' "on-call" policy and were ultimately not called.

134.   Accordingly, Plaintiff and class members were not properly compensated with reporting time pay in violation of California Labor Code section 1198 and California Code of

1   Regulations, Title 8, section 11160(5)(A).

2   **TENTH CAUSE OF ACTION**

3   **Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

4   **(Against all Defendants)**

5   135.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

6   and every allegation set forth above.

7   136.   At all times herein set forth, California Labor Code section 2802 provides that

8   an employer must reimburse employees for all necessary expenditures and losses incurred by

9   the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is

10   to prevent employers from passing off their cost of doing business and operating expenses on

11   to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144

12   (2014).  The applicable wage order, IWC Wage Order No. 16-2001, provides that: "[w]hen

13   tools or equipment are required by the employer or are necessary to the performance of a job,

14   such tools and equipment shall be provided and maintained by the employer, except that an

15   employee whose wages are at least two (2) times the minimum wage provided herein may be

16   required to provide and maintain hand tools and equipment customarily required by the trade

17   or craft."

18   137.   First, during the relevant time period, Plaintiff and class members were

19   required to use their personal mobile devices, including, but not limited to, cellular phones,

20   and/or mobile data to carry out their job duties, but Defendants failed to reimburse them for

21   the costs of their work-related mobile device expenses.  For example, Defendants'

22   management required Plaintiff to use his personal cellular phone and personal mobile data to

23   create mobile WiFi hotspots so that he and other coworkers could connect and utilize

24   company-owned tablet devices for work-related duties, such as sketching restoration plans and

25   inputting notes for insurance companies' use.  Defendants' company-provided cellular phones

26   did not have this capability, even though the WiFi hotspots were necessary for Plaintiff and

27   class members to complete their assigned tasks.  Additionally, Defendants' management

28   would call Plaintiff on his personal cellular phone in order to discuss work-related matters.

Although Defendants required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants failed to reimburse them for these costs.

138.    Second, during the relevant time period, Defendants had a company-wide policy and/or practice of requiring Plaintiff and class members to travel in their own personal vehicles or alternate transportation to medical facilities to undergo mandatory drug testing and/or physical examinations, but did not reimburse them for their travel expenses, including mileage.  Defendants maintained and implemented a company-wide policy of requiring employees to travel to a medical facility on their own time and using their own personal vehicles to undergo mandatory drug testing and/or physical examinations.  At all times, Defendants were in control of scheduling the date and time for the testing and/or physical examinations, selecting the provider or facility where the testing and/or physical examinations were to take place, and determining the scope of the testing and/or physical examinations.  Defendants gave Plaintiff and class members strict instructions to obtain drug testing and/or physical examinations, and Plaintiff and class members underwent the testing for the sole benefit of Defendants.

139.    For example, as described above, Plaintiff followed Defendants' instructions, traveled 20 miles roundtrip using his personal vehicle to and from the medical facility designated by Defendants, Concentra Urgent Care, in Fresno, California, and underwent the drug testing, but was not reimbursed for his mileage to and from the medical facility. Although Defendants required Plaintiff and class members to undergo drug testing and/or physical examinations, Defendants failed to reimburse them for their travel expenses.

140.    Third, during the relevant time period, Defendants, on a company-wide basis, required Plaintiff and class members to wear uniform items, including collared shirts with Defendants' branding or logo.  Due to the nature of construction and demolition work, Plaintiff's uniform shirts would get dirty, soiled, or acquire unpleasant odor.  As a result, Plaintiff was forced to wash his uniform shirts separately from his other clothing items, thus incurring additional utility and laundry expenses.  Thus, Defendants failed to maintain the

uniform items they required Plaintiff and class members to wear during their shifts and forced them to incur the cost of maintaining employee uniforms.

141.    Fourth, during the relevant time period, Defendants, on a company-wide basis, required Plaintiff and class members to purchase their own supplies and tools, such as screwdrivers and staple guns, which were necessary for the completion of their work-related duties.  For example, Plaintiff spent approximately $50 out-of-pocket to purchase a set of screwdrivers and a staple gun in order to perform his work duties, but was not reimbursed for his costs.  Separately, Plaintiff and class members were also required to purchase mobile devices directly from Defendants to carry out their job duties, but were not reimbursed for their expenses.  Specifically, Defendants required Plaintiff to purchase a company iPhone 11 cellular phone for work-related purposes, which cost approximately $250.  Thus, Defendants failed to provide tools and equipment to Plaintiff and class members, forcing them to procure their own, and failed to reimburse Plaintiff and class members for these costs.

142.    Defendants could have provided Plaintiff and class members with the actual tools for use on the job, such as company mobile devices, company vehicles, supplies and tools, and access to laundering services.  Or, Defendants could have reimbursed employees for their mobile device usage, mileage, travel expenses, tool and supply expenses, and laundering expenses or provided a uniform maintenance allowance.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.

143.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

144.    Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

//

//

**ELEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200,** *et seq.* **–**

**Unlawful Business Practices**

**(Against all Defendants)**

145.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

146.    Defendants are "persons" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

147.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

148.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

149.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

        (a)    Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Wage Order, as alleged herein;

        (b)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c)   Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)   Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)   Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(f)   Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

(g)   Failing to pay the costs of mandatory physical examinations and/or drug testing in violation of California Labor Code section 222.5, as set forth below;

(h)   Compelling and/or coercing Plaintiff and class members to patronize Defendants' business in violation of California Labor Code section 450, as set forth below;

(i)   Failing to provide one day's rest in seven to Plaintiff and class members in violation of California Labor Code sections 551 and 552, as set forth below;

(j)   Failing to pay reporting time pay in violation of California Labor Code section 1198 and the applicable IWC Wage Order, as alleged herein;

(k)   Failing to provide Plaintiff and class members with a sufficient number of toilet facilities for use in the workplace in violation of California Labor Code section 2350 and the standards adopted by the Occupational Safety and Health Standards Board, as set forth below;

(l)     Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code sections 2802, as alleged herein; and

(m)     Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

150.   At all relevant times herein, California Labor Code section 222.5 requires employers to pay for the costs an employee incurs for obtaining any medical or physical examination taken pursuant to any law or regulation.

151.   At all times relevant herein, Defendants implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members undergo mandatory drug testing and/or physical examinations, but required them to do so at their own expense. As stated, Defendants had a company-wide policy requiring that all employees, including Plaintiff and class members, travel to a specified medical facility using their own personal vehicles or obtain alternate transportation to undergo drug testing and/or physical examinations.  At all times, Defendants were in control of scheduling the date and time for the examination and/or testing, selecting the provider/facility where the examination and/or testing was to take place, and determining the scope of the examination and/or testing.

152.   During the relevant time period, as stated, Plaintiff was instructed by Defendants to travel to Concentra Urgent Care, a medical facility in Fresno, California, and obtain drug testing and/or a physical examination, and Plaintiff underwent the testing and examination for the sole benefit of Defendants.  Plaintiff followed Defendants' instructions, traveled 20 miles roundtrip using his personal vehicle to and from Defendants' designated medical facility in Fresno, California, and spent additional time waiting at the medical facility and undergoing the requisite drug testing and/or physical examination.

153.   However, Defendants did not compensate Plaintiff and class members for the time they spent traveling to and from their testing and/or physical examinations, or for the time they spent undergoing the testing and/or physical examinations, or reimburse them for

the travel expenses they incurred getting to and from the medical facility.  Defendants' policy and/or practice of not paying for all costs Plaintiff and class members incurred obtaining mandatory drug tests and/or physical examinations violates California Labor Code section 222.5.

154.    At all relevant times herein, California Labor Code section 450 provides that an employer may not "compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of anything of value."  An employer violates section 450 by forcing an employee to patronize the employer's business in the purchase of a company-provided good.

155.    As stated, Defendants had a company-wide policy of requiring employees to purchase mobile devices directly from the company.  During his employment, Plaintiff was required to purchase, from Defendants, an iPhone 11 cellular phone to be utilized for work-related purposes for $250, which was deducted from his paychecks.

156.    Defendants' conduct of compelling and/or coercing Plaintiff and class members to purchase goods from them violates California Labor Code section 450.

157.    At all relevant times herein, California Labor Code section 551 provides that every person employed in any occupation of labor is entitled to one day's rest in seven. Additionally, California Labor Code section 552 prohibits employers from requiring employees to work more than six consecutive days without a day of rest.

158.    At all relevant times herein set forth, California Labor Code section 556 exempts an employer from the day-of-rest requirement when the total hours worked by an employee do not exceed 30 hours in any week or six hours in any one day thereof.

159.    During the relevant time period, Defendants scheduled Plaintiff and class members to work six (6) or more hours per day and seven (7) consecutive days in a workweek.  Because Plaintiff and class members worked over 30 hours per week and over six (6) hours per day in any one day in a workweek, they were not exempt from the day-of-rest requirement.  For example, Plaintiff worked 12 consecutive days, from Monday, August 31 to Friday, September 11, 2020.  As a further example, Plaintiff worked another 12 consecutive

days, from Monday, July 12 to Friday, July 23, 2021.  To the extent that Plaintiff and class members may have signed purported waivers of their right to a day's rest in seven, such waivers are invalid.  Thus, Defendants willfully caused Plaintiff and class members to work more than six days in seven, in violation of Labor Code sections 551 and 552.

160.    At all times herein set forth, California Labor Code section 2350 provides that all employers must provide "a sufficient number of toilet facilities for the use of the employees."

161.    During the relevant time period, Defendants failed to provide Plaintiff and class members with sufficient toilet facilities.  In fact, there was no restroom facility at several jobsites where Plaintiff and class members worked.

162.    Because Defendants did not provide employees with toilet facilities at their locations or jobsites, Plaintiff and class members were forced to relieve themselves outdoors.  Defendants' failure to provide Plaintiff and class members a toilet facility to use at the workplace is in violation of California Labor Code section 2350 and the standards adopted by the Occupational Safety and Health Standards Board.

163.    At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment.  Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor Code § 2810.5(a)(1)(A)-(C).

164.    At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and class members that lists the

requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  Defendants' failure

to provide Plaintiff and class members with written notice of basic information regarding their

employment with Defendants is in violation of California Labor Code sections

2810.5(a)(1)(A)-(C).

165.    As a result of the violations of California law herein described, Defendants

unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members

have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged

herein.

166.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

Plaintiff and class members are entitled to restitution of the wages withheld and retained by

Defendants during a period that commences four years prior to the filing of this complaint; a

permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

class members; and an award of attorneys' fees pursuant to California Code of Civil

Procedure section 1021.5 and other applicable laws; and an award of costs.

**TWELFTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unfair Business Practices**

**(Against all Defendants)**

167.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

and every allegation set forth above.

168.    Defendants are "persons" as defined by California Business & Professions

Code sections 17201, as they are corporations, firms, partnerships, joint stock companies,

and/or associations.

169.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered

injury in fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff

seeks to enforce important rights affecting the public interest within the meaning of Code of

Civil Procedure section 1021.5.

170.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff and class members meal and rest period premiums due to them under Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and class members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, *et seq.  (Id.)*

171.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on any unfair business practice.  In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest period laws and constitute acts against the public policy behind these laws.

172.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory benefits implemented by California Labor Code section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by California Labor Code section 226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

CLASS ACTION COMPLAINT

1.     For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

### Class Certification

2.     That this case be certified as a collective and class action;

3.     That Plaintiff be appointed as the representative of the Collective Action Class, Class, and Subclass;

4.     That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

5.     That the Court declare, adjudge, and decree that Defendants wilfully violated the FLSA by failing to pay all wages due to Plaintiff and Collective Action class members;

6.     An order that notice be sent to all Collective Action class members employed by Defendants within three (3) years of the filing of this complaint giving them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

7.     Certification of the Collective Action Class as a collective action;

8.     For an award of unpaid wages, including overtime, liquidated damages, and interest due under the FLSA to Plaintiff and Collective Action class members;

9.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

10.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

12.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

13.     For pre-judgment interest on any unpaid overtime compensation commencing

1    from the date such amounts were due, or as otherwise provided by law;

2        14.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3    California Labor Code section 1194(a); and

4        15.    For such other and further relief as the Court may deem equitable and

5    appropriate.

6                              **As to the Third Cause of Action**

7        16.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage

9    Order by willfully failing to pay minimum wages to Plaintiff and class members;

10       17.    For general unpaid wages and such general and special damages as may be

11   appropriate;

12       18.    For pre-judgment interest on any unpaid compensation from the date such

13   amounts were due, or as otherwise provided by law;

14       19.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

15   California Labor Code section 1194(a);

16       20.    For liquidated damages pursuant to California Labor Code section 1194.2; and

17       21.    For such other and further relief as the Court may deem equitable and

18   appropriate.

19                            **As to the Fourth Cause of Action**

20       22.    That the Court declare, adjudge, and decree that Defendants violated California

21   Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by

22   willfully failing to provide all meal periods to Plaintiff and class members;

23       23.    That the Court make an award to the Plaintiff and class members of one (1)

24   hour of pay at each employee's regular rate of pay for each workday that a meal period was

25   not provided;

26       24.    For all actual, consequential, and incidental losses and damages, according to

27   proof;

28       25.    For premiums pursuant to California Labor Code section 226.7(c);

26.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

27.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

28.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

30.     That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For premiums pursuant to California Labor Code section 226.7(c);

33.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

34.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

35.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

36.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

37.     For all actual, consequential, and incidental losses and damages, according to

1   proof;

2       38.   For injunctive relief pursuant to California Labor Code section 226(h);

3       39.   For statutory penalties pursuant to California Labor Code section 226(e);

4       40.   For attorneys' fees and costs pursuant to California Labor Code section

5   226(e)(1); and

6       41.   For such other and further relief as the Court may deem equitable and

7   appropriate.

8                       **As to the Seventh Cause of Action**

9       42.   That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 201 and 202 by willfully failing to pay overtime wages, minimum wages,

11  meal and rest period premiums, and/or reporting time pay owed at the time of termination of

12  the employment of Plaintiff and other terminated class members;

13      43.   For all actual, consequential and incidental losses and damages, according to

14  proof;

15      44.   For waiting time penalties according to proof pursuant to California Labor

16  Code section 203 for all employees who have left Defendants' employ;

17      45.   For pre-judgment interest on any unpaid wages from the date such amounts

18  were due, or as otherwise provided by law;

19      46.   For attorneys' fees pursuant to California Code of Civil Procedure section

20  1021.5, or as otherwise provided by law; and

21      47.   For such other and further relief as the Court may deem equitable and

22  appropriate.

23                      **As to the Eighth Cause of Action**

24      48.   That the Court declare, adjudge and decree that Defendants violated California

25  Labor Code section 204 by willfully failing to timely pay Plaintiff and class members

26  overtime wages, minimum wages, meal and rest period premiums, and/or reporting time pay

27  during their employment;

28      49.   For all actual, consequential and incidental losses and damages, according to

1    proof;

2          50.    For statutory penalties according to proof pursuant to California Labor Code

3    section 210;

4          51.    For pre-judgment interest on any unpaid wages from the date such amounts

5    were due, or as otherwise provided by law;

6          52.    For attorneys' fees pursuant to California Code of Civil Procedure section

7    1021.5, or as otherwise provided by law; and

8          53.    For such other and further relief as the Court may deem equitable and

9    appropriate.

10                    **As to the Ninth Cause of Action**

11         54.    That the Court declare, adjudge and decree that Defendants violated California

12   Labor Code section 1198 and California Code of Regulations, Title 8, section 11160(5)(A) by

13   failing to provide Plaintiff and class members with reporting time pay;

14         55.    For all actual, consequential and incidental losses and damages, according to

15   proof;

16         56.    For pre-judgment interest on any unpaid wages from the date such amounts

17   were due, or as otherwise provided by law; and

18         57.    For such other and further relief as the Court may deem equitable and

19   appropriate.

20                    **As to the Tenth Cause of Action**

21         58.    That the Court declare, adjudge and decree that Defendants violated California

22   Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

23   related expenses and costs incurred by Plaintiff and class members;

24         59.    For unpaid business-related expenses and such general and special damages as

25   may be appropriate;

26         60.    For pre-judgment interest on any unpaid business-related expenses from the

27   date such amounts were due, or as otherwise provided by law;

28         61.    For all actual, consequential, and incidental losses and damages, according to

proof;

62.    For attorneys' fees and costs pursuant to California Labor Code section 2802(c), or as otherwise provided by law; and

63.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eleventh Cause of Action**

64.    That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, failing to pay the costs of mandatory physical examinations and/or drug testing, compelling and/or coercing Plaintiff and class members to patronize Defendants' business, failing to provide one day's rest in seven, failing to pay Plaintiff and class members reporting time pay, failing to provide Plaintiff and class members with use of a sufficient number of toilet facilities, failing to reimburse Plaintiff and class members for business-related expenses, and failing to provide written notice of material terms of employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

65.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

66.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

67.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

68.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Twelfth Cause of Action

69.     That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

70.     For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

71.     For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

72.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

73.     For pre-judgment and post-judgment interest as provided by law; and For such other and further relief as the Court may deem equitable and appropriate.


Dated: February 25, 2022                    Respectfully submitted,

                                            Capstone Law APC


                                            By: _____
                                            Robert Drexler
                                            Molly DeSario
                                            Jonathan Lee

                                            Attorneys for Plaintiff Richard Rodriguez

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Robert Drexler (SBN 119119), Molly DeSario (SBN 230763)
Jonathan Lee (SBN 267146)
Capstone Law APC
1875 Century Park East, Suite 1000, Los Angeles, California 90067
TELEPHONE NO.: (310) 556-4811   FAX NO.: (310) 943-0396
ATTORNEY FOR *(Name):* Plaintiff Richard Rodriguez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/25/2022 5:30 PM
Reviewed By: R. Walker
Case #22CV394662
Envelope: 8378077**

CASE NAME:
Rodriguez v. BELFOR USA Group, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV394662 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 23, 2022

Jonathan Lee
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BELFOR USA GROUP, INC., a Colorado corporation; BELFOR ENVIRONMENTAL, INC., a Colorado corporation; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC., a California corporation; 1 800 WATER DAMAGE NORTH AMERICA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD RODRIGUEZ, individually, and on behalf of other members of the general public similarly situated

E-FILED
2/25/2022 5:30 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV394662
Reviewed By: R. Walker
Envelope: 8378077

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Clara Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>**22CV394662** |

Downtown Superior Court
191 N. First Street, San Jose, California 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Drexler (SBN 119119), Molly DeSario (SBN 230763), Jonathan Lee (SBN 267146)
Capstone Law APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067, Telephone:(310) 556-4811

| DATE:<br>*(Fecha)* | 2/25/2022 5:30 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Exhibit B

22CV394662
Santa Clara – Civil

1   Robert Drexler (SBN 119119)
    Robert.Drexler@CapstoneLawyers.com
2   Molly A. DeSario (SBN 230763)
    Molly.DeSario@CapstoneLawyers.com
3   Jonathan Lee (SBN 267146)
    Jonathan.Lee@CapstoneLawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:    (310) 556-4811
6   Facsimile:    (310) 943-0396

7   Attorneys for Plaintiff Richard Rodriguez

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/25/2022 5:30 PM
Reviewed By: R. Walker
Case #22CV394662
Envelope: 8378077**

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF SANTA CLARA

10                                          22CV394662

11  RICHARD RODRIGUEZ, individually, and     Case No.:
    on behalf of other members of the general
12  public similarly situated,               **PLAINTIFF'S NOTICE OF FILING
                                             CONSENT TO JOIN FORM UNDER THE
13              Plaintiff,                    FAIR LABOR STANDARDS ACT 29
                                             U.S.C. 216(B)**
14          vs.

15  BELFOR USA GROUP, INC., a Colorado
    corporation; BELFOR
16  ENVIRONMENTAL, INC., a Colorado
    corporation; OAKWOOD
17  CONSTRUCTION AND RESTORATION
    SERVICES, INC., a California corporation;
18  1 800 WATER DAMAGE NORTH
    AMERICA, LLC, a Delaware limited
19  liability company; and DOES 1 through 10,
    inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

**CONSENT TO JOIN AS PARTY PLAINTIFF**

1.     I am a former employee of BELFOR USA Group, Inc.; BELFOR Environmental, Inc.; Oakwood Construction and Restoration Services, Inc.; and/or 1 800 Water Damage North America, LLC ("Defendants" or "Belfor").  I hereby consent to join as a party plaintiff in the collective action against Belfor to prosecute claims for unpaid wages and liquidated damages under the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).  In the past three years while working as a Water Damage Specialist – Laborer for Belfor, there were occasions during which I worked without receiving compensation at the legally mandated rate.

2.     I hereby designate Plaintiff's counsel in the above-titled matter to represent me in this collective action, and I also consent and agree, if necessary, to file this claim on behalf of all others similarly situated.

Signed on February 02/03 , 2022

DocuSigned by:

51F5EEFBEE9246A

Richard Rodriguez

Dated:  February 25, 2022

Respectfully submitted,

Capstone Law APC

By: _____

Robert Drexler
Molly A. DeSario
Jonathan Lee

Attorneys for Plaintiff Richard Rodriguez

# Exhibit C

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _22CV394662_

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: Hon. Patricia M. Lucas _____ Department: 3 _____

The 1st CMC is scheduled for:  (Completed by Clerk of Court)

Date: _07/6/22_ Time: _2:30pm_ in Department: _3_

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Reset Form

---

# Exhibit D

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 3/1/2022 1:29 PM**
**Reviewed By: R. Walker**

TO:    FILE COPY

RE:           **Rodriguez v. Belfor USA Group, Inc., et al.  (Class Action)** Case #22CV394662
CASE NUMBER:    **22CV394662**

**Case #22CV394662**
**Envelope: 8400799**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**


WHEREAS, the Complaint was filed by Plaintiffs **Richard Rodriguez** ("Plaintiff"), et al. in the Superior Court of California, County of Santa Clara, on **February 25, 2022** and assigned to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **3** (Complex Civil Litigation), the **Honorable Patricia M. Lucas**  presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Richard Rodriguez**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for July 6, 2022 at 2:30 p.m. in Department  3 and all counsel are ordered to attend.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1.  Issues related to recusal or disqualification;
2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3.  Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4.  A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5.  A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;

2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;

3. significant procedural and practical problems that may likely be encountered;

4. suggestions for efficient management, including a proposed timeline of key events; and

5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:   ___March 1, 2022___

_Patricia M. Lucas_
Hon. **Patricia M. Lucas**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/11/21.

2

# Exhibit E

22CV394662
Santa Clara – Civil

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Robert Drexler | SBN : 119119<br>CAPSTONE LAW APC<br>1875 Century Park East - Suite 1000  Los Angeles, CA 90067 | *FOR COURT USE ONLY*<br>R. Fleming |
|---|---|

TELEPHONE NO.: (310) 556-4811 | FAX NO. (310) 943-0396 | E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff:

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA**

STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/29/2022 2:07 PM
Reviewed By: R. Fleming
Case #22CV394662
Envelope: 8625865

PLAINTIFF: RICHARD RODRIGUEZ, et al

DEFENDANT: BELFOR USA GROUP, et al

CASE NUMBER:
22CV394662

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Rodriguez v. Belfor

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Plaintiff's Notice of Filing Consent to Join Form Under the Fair Labor Standards Act 29 U.S.C. 216(B); Civil Lawsuit Notice**
3. a. Party served *(specify name of party as shown on documents served):*
   **BELFOR USA GROUP, INC., a Colorado corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **DAISY MONTENEGRO - c/o CT CORPORATION SYSTEM (Registered Agent - Authorized to Accept)**
4. Address where the party was served:   **330 NORTH BRAND BOULEVARD - SUITE 700**
   **GLENDALE, CA 91203**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/2/2022**   (2) at *(time):* **12:28 PM**

   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER:  **RICHARD RODRIGUEZ, et al** | CASE NUMBER: |
|---|---|
| RESPONDENT:  **BELFOR USA GROUP, et al** | **22CV394662** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                  (2) *from (city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **BELFOR USA GROUP, INC., a Colorado corporation**

     under the following Code of Civil Procedure section:

☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)

☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

☐ 416.50 (public entity)          ☐ 415.46 (occupant)

                        ☐ other:

7. **Person who served papers**

a. Name:  **Gustavo Gonzalez - ProLegal Reg#: 2017025418**

b. Address:  **P.O. Box 54846  Los Angeles, CA 90054**

c. Telephone number:  **(888) 722-6878**

d. **The fee** for service was: **$ 57.25**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

     (i) ☐ owner   ☑ employee     ☐ independent contractor.

     (ii) Registration No.: **6461**

     (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

     Date: **3/3/2022**

     **ProLegal Reg#: 2017025418**
     **P.O. Box 54846**
     **Los Angeles, CA 90054**
     **(888) 722-6878**
     **http://www.prolegalnetwork.com**

           **Gustavo Gonzalez**             ▶

           (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert Drexler | SBN : 119119<br>CAPSTONE LAW APC<br>1875 Century Park East - Suite 1000   Los Angeles, CA 90067<br><br>TELEPHONE NO.: (310) 556-4811 | FAX NO. (310) 943-0396 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/29/2022 2:07 PM<br>Reviewed By: R. Fleming<br>Case #22CV394662<br>Envelope: 8625865** |

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

| PLAINTIFF:  RICHARD RODRIGUEZ, et al | CASE NUMBER: |
|---|---|
| DEFENDANT:  BELFOR USA GROUP, et al | 22CV394662 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Rodriguez v. Belfor |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☐ other *(specify documents)*: **Plaintiff's Notice of Filing Consent to Join Form Under the Fair Labor Standards Act 29 U.S.C. 216(B); Civil Lawsuit Notice**
3. a.  Party served *(specify name of party as shown on documents served)*:
   **OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC., a California corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **DAISY MONTENEGRO - c/o CT CORPORATION SYSTEM (Registered Agent - Authorized to Accept)**
4. Address where the party was served:  **330 NORTH BRAND BOULEVARD - SUITE 700<br>GLENDALE, CA 91203**
5. I served the party *(check proper box)*
   a. ☑  **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/2/2022**   (2) at *(time)*: **12:28 PM**

   b. ☐  **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  **or** ☐  a declaration of mailing is attached.

   (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/3009082** |
|---|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC., a California corporation**

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)

                                ☐ other:

7. **Person who served papers**

a. Name: **Gustavo Gonzalez - ProLegal Reg#: 2017025418**

b. Address: **P.O. Box 54846  Los Angeles, CA 90054**

c. Telephone number: **(888) 722-6878**

d. **The fee** for service was: **$ 39.75**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

        (i) ☐ owner    ☑ employee    ☐ independent contractor.

        (ii) Registration No.: **6461**

        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **3/3/2022**

    **ProLegal Reg#: 2017025418**
    **P.O. Box 54846**
    **Los Angeles, CA 90054**
    **(888) 722-6878**
    **http://www.prolegalnetwork.com**

        **Gustavo Gonzalez** ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert Drexler \| SBN:  119119<br>CAPSTONE LAW APC<br>1875 Century Park East - Suite 1000   Los Angeles, CA 90067<br><br>TELEPHONE NO.: (310) 556-4811 \| FAX NO. (310) 943-0396 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* Plaintiff: | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/29/2022 2:07 PM<br>Reviewed By: R. Fleming<br>Case #22CV394662<br>Envelope: 8625865** |

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA**

STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

| PLAINTIFF:  RICHARD RODRIGUEZ, et al | CASE NUMBER: |
|---|---|
| DEFENDANT:  BELFOR USA GROUP, et al | 22CV394662 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Rodriguez v. Belfor |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **Plaintiff's Notice of Filing Consent to Join Form Under the Fair Labor Standards Act 29 U.S.C. 216(B); Civil Lawsuit Notice**
3. a. Party served *(specify name of party as shown on documents served):*
      **BELFOR ENVIRONMENTAL, INC., a Colorado corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **DAISY MONTENEGRO - c/o CT CORPORATION SYSTEM (Registered Agent - Authorized to Accept)**
4. Address where the party was served:  **330 NORTH BRAND BOULEVARD - SUITE 700<br>GLENDALE, CA 91203**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/2/2022**   (2) at *(time):* **12:28 PM**

   b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/3009075** |
|---|---|---|

| PETITIONER: **RICHARD RODRIGUEZ**, et al | CASE NUMBER: |
|---|---|
| RESPONDENT: **BELFOR USA GROUP, et al** | **22CV394662** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                        (2) *from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* **BELFOR ENVIRONMENTAL, INC., a Colorado corporation**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: **Gustavo Gonzalez - ProLegal Reg#: 2017025418**

  b. Address: **P.O. Box 54846  Los Angeles, CA 90054**

  c. Telephone number: **(888) 722-6878**

  d. **The fee** for service was: **$ 39.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner ☑ employee ☐ independent contractor.

      (ii) Registration No.: **6461**

      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/3/2022**

**ProLegal Reg#: 2017025418**
**P.O. Box 54846**
**Los Angeles, CA 90054**
**(888) 722-6878**
**http://www.prolegalnetwork.com**

**Gustavo Gonzalez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert Drexler | SBN: 119119<br>CAPSTONE LAW APC<br>1875 Century Park East - Suite 1000   Los Angeles, CA 90067<br><br>TELEPHONE NO.: (310) 556-4811 \| FAX NO. (310) 943-0396 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):* Plaintiff | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 3/29/2022 2:07 PM<br>Reviewed By: R. Fleming<br>Case #22CV394662<br>Envelope: 8625865** |

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA**

STREET ADDRESS: 191 North First Street

MAILING ADDRESS:

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Court

| PLAINTIFF: RICHARD RODRIGUEZ, et al | CASE NUMBER: |
|---|---|
| DEFENDANT: BELFOR USA GROUP, et al | 22CV394662 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Rodriguez v. Belfor |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☐ other *(specify documents):* **Plaintiff's Notice of Filing Consent to Join Form Under the Fair Labor Standards Act 29 U.S.C. 216(B); Civil Lawsuit Notice**

3. a. Party served *(specify name of party as shown on documents served):*
   **1 800 WATER DAMAGE NORTH AMERICA, LLC, a Delaware limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **DAISY MONTENEGRO - c/o CT CORPORATION SYSTEM (Registered Agent - Authorized to Accept)**

4. Address where the party was served: **330 NORTH BRAND BOULEVARD - SUITE 700
   GLENDALE, CA 91203**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/2/2022** (2) at *(time):* **12:28 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

   - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/3009085

| PETITIONER: **RICHARD RODRIGUEZ**, et al | CASE NUMBER: |
|---|---|
| RESPONDENT: **BELFOR USA GROUP, et al** | **22CV394662** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                     (2) *from (city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **1 800 WATER DAMAGE NORTH AMERICA, LLC, a Delaware limited liability company**

   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name:  **Gustavo Gonzalez - ProLegal Reg#: 2017025418**

  b. Address:  **P.O. Box 54846  Los Angeles, CA 90054**

  c. Telephone number:  **(888) 722-6878**

  d. **The fee** for service was: **$ 39.75**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner  ☑ employee  ☐ independent contractor.

      (ii) Registration No.:  **6461**

      (iii) County:  **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  **3/3/2022**

**ProLegal Reg#: 2017025418**
**P.O. Box 54846**
**Los Angeles, CA 90054**
**(888) 722-6878**
**http://www.prolegalnetwork.com**

**Gustavo Gonzalez**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

# Exhibit F

1   E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
2   JENNIFER M. FONTAINE (SBN 258901)
jfontaine@paulplevin.com
3   MATTHEW N. MUSHAMEL (SBN 334771)
mmushamel@paulplevin.com
4   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
5   San Diego, California 92101-8285
Telephone: 619-237-5200
6   Facsimile: 619-615-0700

7   Attorneys for Defendants BELFOR USA Group,
Inc.; BELFOR Environmental, Inc.; Oakwood
8   Construction and Restoration Services, Inc.; 1
800 Water Damage North America, LLC

9

10

11

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SANTA CLARA**

12

| | |
|---|---|
| RICHARD RODRIGUEZ, individually, and on behalf of other members of the general public similarly situated, | Case No. 22CV394662 |
| | **NOTICE OF APPEARANCE** |
| Plaintiff, | Judge:      Hon. Patricia M. Lucas |
| v. | Dept.:       3 |
| | Action Filed: February 25, 2022 |
| BELFOR USA GROUP, INC., a Colorado corporation; BELFOR ENVIRONMENTAL, INC. a Colorado corporation; OAKWOOD CONSTRUCTION AND RESTORATION SERVICES, INC. a California corporation; 1 800 WATER DAMAGE NORTH AMERICA, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive, | Trial Date:    Not Set |
| Defendants. | |

13

14

15

16

17

18

19

20

21

22

23         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24         NOTICE IS HEREBY GIVEN that E. Joseph Connaughton, Jennifer M. Fontaine and

25   Matthew Mushamel of the firm of Paul, Plevin, Sullivan & Connaughton LLP are the attorneys of

26   record for Defendants BELFOR USA Group, Inc., BELFOR Environmental, Inc., Oakwood

27   Construction and Restoration Services, Inc. and 1 800 Water Damage North America, LLC.

28   / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Any and all notices, pleadings, correspondence or communications regarding the above-entitled matter are to be directed to E. Joseph Connaughton, Jennifer M. Fontaine and Matthew Mushamel at Paul, Plevin, Sullivan & Connaughton LLP, 101 W. Broadway, 9th Floor, San Diego, CA 92101, telephone number 619-237-5200 and facsimile number 619-615-0700.

Dated:  March  30, 2022

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____

E. JOSEPH CONNAUGHTON
JENNIFER M. FONTAINE
MATTHEW N. MUSHAMEL
Attorneys for Defendants BELFOR USA Group, Inc.; BELFOR Environmental, Inc.; Oakwood Construction and Restoration Services, Inc.; 1 800 Water Damage North America, LLC

1

## **PROOF OF SERVICE**

2

**Rodriguez v. BELFOR USA Group, Inc. et al.**
**Case No. 22CV394662**

3

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

4

5        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

6

7        On March 30, 2022, I served true copies of the following document(s) described as **NOTICE OF APPEARANCE** on the interested parties in this action as follows:

8   Robert Drexler
    Molly DeSario
9   Jonathan Lee
    Capstone Law APC
10  1875 Century Park East, Suite 1000
    Los Angeles, CA 90067
11  Telephone: (310) 556-4811
    Facsimile: (310) 943-0396
12  E-Mail: Robert.Drexler@capstonelawyers.com
    E-Mail: Molly.DeSario@capstonelawyers.com
13  E-Mail: Jonathan.Lee@capstonelawyers.com

14  Attorneys for Plaintiff

15        **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed
16  each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

17        **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
18  document(s) to be sent from e-mail address dbaranowski@paulplevin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the
19  transmission, any electronic message or other indication that the transmission was unsuccessful.

20        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22        Executed on March 30, 2022, at San Diego, California.

23

24  _____
    Deborah Baranowski

25

26

27

28

# Exhibit G

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| E. Joseph Connaughton / Jennifer M. Fontaine    SBN: 166765 / 258901<br>Paul, Plevin, Sullivan & Connaughton LLP<br>101 West Broadway, Ninth Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-237-5200    FAX NO. *(Optional)*: 619-615-0700<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendants BELFOR USA Group, et al. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Old Courthouse

| PLAINTIFF/PETITIONER: Richard Rodriguez | CASE NUMBER:<br>22CV394662 |
|---|---|
| DEFENDANT/RESPONDENT: BELFOR USA Group, Inc., et al. | JUDICIAL OFFICER:<br>Patricia M. Lucas |
| **NOTICE OF RELATED CASE** | DEPT.:<br>3 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Andres De la Riva Sotelo v. Belfor USA Group, Inc.
   b. Case number: BC688895
   c. Court: ☐ same as above
      ☒ other state or federal court *(name and address):* Los Angeles County Superior Court
   d. Department: SS-1                312 North Spring Street, Los Angeles, CA 90012
   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*
   f. Filing date: January 2, 2018
   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      ☒ involves the same parties and is based on the same or similar claims.
      ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☐ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☐ pending
      ☒ dismissed ☒ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: ☐ same as above
      ☐ other state or federal court *(name and address):*
   d. Department:

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder™

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: Richard Rodriguez | CASE NUMBER: |
| DEFENDANT/RESPONDENT: BELFOR USA Group, Inc., et al. | 22CV394662 |

2. *(continued)*

　　e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

　　f. Filing date:

　　g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

　　h. Relationship of this case to the case referenced above *(check all that apply):*

　　　　☐ involves the same parties and is based on the same or similar claims.

　　　　☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

　　　　☐ involves claims against, title to, possession of, or damages to the same property.

　　　　☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

　　　　　　☐ Additional explanation is attached in attachment 2h

　　i. Status of case:

　　　　☐ pending

　　　　☐ dismissed ☐ with ☐ without prejudice

　　　　☐ disposed of by judgment

3. a. Title:

　　b. Case number:

　　c. Court: ☐ same as above

　　　　☐ other state or federal court *(name and address):*

　　d. Department:

　　e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

　　f. Filing date:

　　g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

　　h. Relationship of this case to the case referenced above *(check all that apply):*

　　　　☐ involves the same parties and is based on the same or similar claims.

　　　　☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

　　　　☐ involves claims against, title to, possession of, or damages to the same property.

　　　　☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

　　　　　　☐ Additional explanation is attached in attachment 3h

　　i. Status of case:

　　　　☐ pending

　　　　☐ dismissed ☐ with ☐ without prejudice

　　　　☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: March 30, 2022

Jennifer M. Fontaine
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**CM-015**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Richard Rodriguez | 22CV394662 |
| DEFENDANT/RESPONDENT: BELFOR USA Group, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):* 101 West Broadway, Ninth Floor, San Diego, CA  92101

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* March 30, 2022
   b. from *(city and state):* San Diego, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Robert Drexler/Capstone Law APC
      Street address: 1875 Century Park East, Suite 1000
      City: Los Angeles
      State and zip code: CA 90067

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 30, 2022

Deborah Baranowski
_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

1

**PROOF OF SERVICE**

**Rodriguez v. BELFOR USA Group, Inc. et al.**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Diego, State of California.  My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On March 31, 2022, I served true copies of the following document(s) described as:

**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 AND 1441**

**CIVIL COVER SHEET**

on the interested parties in this action as follows:

Robert Drexler
Molly DeSario
Jonathan Lee
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396
E-Mail: Robert.Drexler@capstonelawyers.com
E-Mail: Molly.DeSario@capstonelawyers.com
E-Mail: Jonathan.Lee@capstonelawyers.com

Attorneys for Plaintiff

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid.  I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dbaranowski@paulplevin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 31, 2022, at San Diego, California.

Deborah Baranowski

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

1
DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1331 AND 1441

Case No. ADD