UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD RODRIGUEZ,<br><br>                      Plaintiff,<br><br>           v.<br><br>BELFOR USA GROUP, INC., et al.,<br><br>                      Defendants. | Case No. 22-cv-02071-VKD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE; GRANTING IN PART AND DENYING IN PART PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

Defendants BELFOR USA Group, Inc., Belfor Environmental, Inc., Oakwood Construction and Restoration Services, Inc., and 1 800 Water Damage North America, LLC (collectively, "defendants") move to strike the class allegations in plaintiff Richard Rodriguez's complaint (Dkt. No. 1, Ex. A) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. No. 5 at 6–7. Defendants also move to dismiss all but one of Mr. Rodriguez's claims for failure to state a claim pursuant to Rule 12(b)(6). Dkt. No. 5 at 8–9.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 7, 8. On May 31, 2022, the Court held a hearing on defendants' motion to strike and partial motion to dismiss. Dkt. No. 14. Having considered the parties' submissions and arguments made at the hearing, the Court denies defendants' motion to strike, and denies in part and grants in part defendants' motion to dismiss.

**I.     BACKGROUND**

In this putative class and collective action, Mr. Rodriguez sues defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and for related violations of California labor law. Dkt. No. 1, Ex. A ¶¶ 14–44. He asserts the following claims against all

1  defendants: (1) violation of the FLSA (unpaid overtime and minimum wages, meal and rest
2  period violations, failure to keep accurate records of all hours worked); (2) violation of California
3  Labor Code §§ 510 and 1198 (unpaid overtime); (3) violation of California Labor Code §§
4  1182.12, 1194, 1197, 1197.1, and 1198 (unpaid minimum wages); (4) violations of California
5  Labor Code §§ 226.7, 512(a), 516, and 1198 (meal period violations); (5) violations of California
6  Labor Code §§ 226.7, 516, and 1198 (rest period violations); (6) violation of California Labor
7  Code §§ 226(a), 1174(d), and 1198 (non-compliant wage statements and failure to maintain
8  accurate payroll records); (7) violation of California Labor Code §§ 201 and 202 (wages not
9  timely paid upon termination); (8) violation of California Labor Code § 204 (failure to timely pay
10 wages during employment); (9) violation of California Labor Code § 1198 and California Code of
11 Regulations Title 8, § 1160 Subdivision 5(A)[1] (failure to provide reporting time pay); (10)
12 violation of California Labor Code § 2802 (unpaid business-related expenses); (11) violation of
13 California Business & Professions Code §§ 17200, *et seq.* (unlawful business practices); and (12)
14 violation of California Business & Professions Code §§ 17200, *et seq.* (unfair business practices).

15       With respect to his FLSA claim, Mr. Rodriguez seeks to represent a collective action class
16 pursuant to 29 U.S.C. § 216(b) of "[a]ll non-exempt, hourly paid employees at any of Defendants'
17 locations nationwide within three (3) years prior to the filing of this complaint until the date of the
18 trial ('Collective Action Class')." Dkt. No. 1, Ex. A, at 10. With respect to his state-law claims,
19 Mr. Rodriguez seeks to represent a class of "[a]ll persons who worked for Defendants as non-
20 exempt, hourly paid employees in California, within four years prior to the filing of the initial
21 complaint until the date of trial ('Class')." *Id.*

22       Mr. Rodriguez first filed this action in state court on February 25, 2022. Dkt. No. 1, Ex. A.
23 Defendants removed the action to federal court on March 31, 2022. Dkt. No. 1. On April 7, 2022,
24 defendants moved to strike Mr. Rodriguez's class allegations and to dismiss all of his claims
25 except for claim 10, for unpaid business-related expenses. Dkt. No. 5.

---

[1] Plaintiff refers to § 1160 Subdivision 5(A), but his allegations quote language from and contemplate a claim under § 1160 Subdivision 5(B). The Court assumes that plaintiff's reference to § 1160 Subdivision 5(A) is a typographical error and will cite the appropriate provision in this order.

## II. LEGAL STANDARD

### A. Motion to Strike—Rule 12(f)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pled, and '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Forgerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527–28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling on a motion to strike." *Boddie v. Signature Flight Support Corp.*, 19-cv-03044-DMR, 2019 WL 3554383, at *2 (N.D. Cal. Aug. 5, 2019).

### B. Motion to Dismiss—Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

1    F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be

2    taken as true and construed in the light most favorable to the claimant.  *Id.*

3           However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover,

5    "the court is not required to accept legal conclusions cast in the form of factual allegations if those

6    conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

7    *Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

8           Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

9    pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a

10   right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

11   (citations omitted).  However, only plausible claims for relief will survive a motion to dismiss.

12   *Iqbal*, 556 U.S. at 679.  A claim is plausible if its factual content permits the court to draw a

13   reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*  A plaintiff does

14   not have to provide detailed facts, but the pleading must include "more than an unadorned, the-

15   defendant-unlawfully-harmed-me-accusation."  *Id.* at 678.

16          A court generally may not consider any material beyond the pleadings when ruling on a

17   Rule 12(b)(6) motion.  Documents appended to the complaint, incorporated by reference in the

18   complaint, or which properly are the subject of judicial notice may be considered along with the

19   complaint when deciding a Rule 12(b)(6) motion.  *Khoja v. Orexigen Therapeutics*, 889 F.3d 988,

20   998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d

21   1542, 1555 n.19 (9th Cir. 1990).  A document not attached to a complaint "may be incorporated

22   by reference into a complaint if the plaintiff refers extensively to the document or the document

23   forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

24   2003).  Further, courts "need not accept as true allegations contradicting documents that are

25   referenced in the complaint."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

26   "A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even

27   though he was not required to allege those facts."  *See Sprewell v. Golden State Warriors*, 266

28   F.3d 979, 988–989 (9th Cir. 2001) (internal quotation marks omitted).

### III.    DISCUSSION

#### A.    Defendants' Request for Judicial Notice

Defendants ask the Court to take judicial notice of three documents filed in *Sotelo v. BELFOR USA Group, Inc. et al.*, No. BC 688895 in Superior Court in Los Angeles against one of the defendants in this action. *See* Dkt. No. 5-2; Dkt. No. 5-2, Exhs. A–C. A court may take judicial notice of undisputed matters of public record, "including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Each of the documents at issue was filed on the public docket in the *Sotelo* matter. Defendants rely on these documents in support of their motion to strike. Mr. Rodriguez does not oppose the request for judicial notice.

Accordingly, the Court takes judicial notice of the following documents:

1. Order and Judgment Granting Plaintiff's Motion for Final Approval of Class Action Settlement, *Sotelo v. BELFOR USA Group, Inc., et al.*, Case No. BC 688895 (Cal. Super. Ct. Jan. 29, 2020);
2. First Amended Class Action & Representative Action Complaint, *Sotelo v. BELFOR USA Group, Inc., et al.*, Case No. BC 688895 (Cal. Super. Ct. Jun. 8, 2018); and
3. Declaration of Kane Moon in Support of Plaintiff's Motion for Final Approval of Class Action Settlement, *Sotelo v. BELFOR USA Group, Inc., et al.*, Case No. BC 688895 (Cal. Super. Ct. Jan. 2, 2020)

Dkt. No. 5-2, Exhs. A–C. The Court does not take judicial notice of disputed facts included in these public records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

#### B.    Motion to Strike

Defendants argue that the Court should strike Mr. Rodriguez's class allegations because the "class definition includes members of the *Sotelo* class who previously released all wage claims against Defendant." Dkt. No. 5 at 7. Defendants argue that Mr. Rodriguez's class definitions are overbroad as a matter of law because they encompass members of the *Sotelo* settlement class and that settlement bars litigation against defendants on claims already released by those class members. *Id.* at 6–7.

While class allegations may be stricken from the pleadings where it is clear from the

complaint that a class action cannot be maintained on the facts alleged,'" *see Kamm v. California City Dev. Co.*, 509 F.2d 205, 212–13 (9th Cir. 1975); *Taison Commc'ns, Inc. v. Ubiquitti Networks, Inc.*, No. C-13-1802 EMC, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (citing *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)), "motions to strike class allegations 'are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety,'" *see, e.g.*, *Boddie*, 2019 WL 3554838, at *3 (citation omitted) (collecting cases). Moreover, the Court questions whether Rule 12(f) is an appropriate procedural vehicle for addressing defendants' concerns about the scope of Mr. Rodriguez's class allegations in view of the Ninth Circuit's decision in *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–76 (9th Cir. 2010), reversing a district court's order striking damages allegations because those allegations did not fit the categories set forth in Rule 12(f)—*i.e.*, insufficient defense or redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f).

Defendants do not address or acknowledge *Whittlestone*. Instead, they principally rely on two Ninth Circuit cases affirming dismissal of class claims for failure to state a claim under Rule 12(b)(6): *Howard v. Am. Online Inc.*, 208 F.3d 741 (9th Cir. 2000) and *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006). *Id.* at 6. These cases are distinguishable. In both, the Ninth Circuit concluded dismissal was warranted because the class claims arose from the same factual predicate and spanned the same time period as claims released in a prior class action settlement. *See Howard*, 208 F.3d at 747; *Reyn's Pasta Bella, LLC*, 442 F.3d at 748–50. In these circumstances, the preclusive effect of the prior class action settlement completely barred the class claims in the later action. *Howard*, 208 F.3d at 747–48; *Reyn's Pasta Bella, LLC*, 442 F.3d at 745–47. By contrast, defendants concede that even if their characterization of the *Sotelo* settlement is correct, the release of claims in that action overlaps only in part with time periods at issue in this case. Dkt. No. 5 at 4; Dkt. No. 14.

Because class allegations are more appropriately scrutinized after a party has filed a motion for class certification, *Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) (denying motion to strike class allegations as premature), the Court denies defendants' motion to strike.

6

### C. Motion to Dismiss

Defendants move to dismiss claims 1-9 and 11-12 for failure to allege facts sufficient to state a plausible claim for relief under *Iqbal* and *Twombly*. Dkt. No. 5 at 4, 8–9.

#### 1. Claims 1 and 2: FLSA and Cal. Labor Code §§ 510 and 1198

Mr. Rodriguez alleges defendants violated the FLSA by failing to pay overtime and minimum wages, failing to provide required meal and rest periods, and failing to keep accurate records of all hours worked. Dkt. No. 1, Ex. A ¶¶ 51–67. He also alleges violations of the California Labor Code §§ 510 and 1198 for unpaid overtime. Defendants argue that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." Dkt. No. 5 at 8 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015)). Defendants also argue that to the extent Mr. Rodriguez's second claim is "based on allegedly unpaid on-call time, [he] has not alleged sufficient facts for this claim to be plausible." Dkt. No. 5 at 9 (citing *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1009 (N.D. Cal. 2016)).

In *Landers*, the Ninth Circuit set forth the standard for pleading wage and hour claims under the FLSA post-*Iqbal* and *Twombly*, as follows:

> We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek. We are mindful of the Supreme Court's admonition that the pleading of detailed facts is not required under Rule 8, and that pleadings are to be evaluated in the light of judicial experience. We also agree that the plausibility of a claim is "context-specific." A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.
>
> We further agree with our sister circuits that, at a minimum, a

7

> plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.

*Landers*, 771 F.3d at 644–45 (citations and footnote omitted). The *Landers* pleading standard also applies to minimum-wage, overtime, meal-break, and rest-period claims under the California Labor Code. *See, e.g.*, *Cortez v. United Nat. Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10, *12 (N.D. Cal. Feb. 27, 2019) (applying *Landers* to California Labor Code minimum-wage, overtime, meal-break, and rest-period claims); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006–10 (N.D. Cal. 2016) (applying *Landers* to California Labor Code minimum-wage and overtime claims).

Defendants argue that Mr. Rodriguez must identify at least one specific workweek in the relevant period during which he worked more than 40 hours without overtime compensation. Dkt. No. 5 at 8–9. Mr. Rodriguez responds that it is sufficient for him to allege examples of required off-the-clock work for which he was not compensated and the frequency with which he engaged in such work. Dkt. No. 11 at 7–10.

The Court agrees with Mr. Rodriguez. Although the complaint includes conclusory allegations that he and other class members regularly were required to work in excess of 40 hours in a workweek without overtime compensation, it also includes more specific allegations. For example, he alleges that he and other class members were "required to drive for approximately 40 minutes or more from his home in Fresno, California to various jobsites, including those in Auberry, California" and were "not allowed to clock in until arriving at the assigned jobsite for the start of their scheduled shifts, and thus were not paid for any time spent traveling to or from the distant jobsite." Dkt. No. 1, Ex. A ¶¶ 58, 76. He also alleges that "at least once per week, [he] was required to respond to phone communications from Defendants' management regarding work-related duties, such as obtaining instructions for his daily assignments, before arriving at Defendants' facility and before he was permitted to clock in for his scheduled shift. Additionally, about once per week, Defendants' management would call [him] after he had clocked out at the end of his scheduled shift, to discuss the status of various restoration projects." *Id.*, Ex. A ¶¶ 59, 77. He also alleges that "approximately once per month, [he] was required to work through his

meal periods, in order to complete his assigned tasks. . . . For example, approximately three times per week, [he] would have his meal periods interrupted and/or shortened to discuss work-related tasks with Defendants' managers on his company-owed cellular phone or in-person." *Id.*, Ex. A ¶¶ 60, 78. He alleges that "once a month," he was "on-call" and "had to be available 24 hours per day and seven (7) days per week, and report to work upon receiving a call from Defendants notifying them that they were needed." *Id.*, Ex. A ¶ 75. Further, he alleges that defendants maintained and implemented a policy of drug testing and and/or physical examinations that plaintiff had to undergo on his own time. *Id.*, Ex. A ¶ 62. Finally, he concludes that because he worked shifts of eight hours or more a day and forty hours a week or more, this off-the-clock work was overtime and went unpaid. *Id.*, Ex. A ¶¶ 63, 80. These allegations go beyond the bare assertion that Mr. Rodriguez and other class members regularly worked more than the statutory requirement, and instead support a plausible inference that at least one such instance occurred. *See, e.g., Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (plaintiff "need not identify a calendar week or particular instance where she was denied overtime wages," but "must *plead facts* raising a plausible inference that such an instance actually occurred"); *Tan*, 171 F. Supp. 3d at 1008 ("the allegations need only give rise to a plausible inference that there was such an instance"); *Mendoza v. Bank of Am. Corp.*, No. 19-cv-02491-LB, 2019 WL 4142140, at *6 (N.D. Cal. Aug. 30, 2019) (meal period allegations sufficient where plaintiff did not identify a specific calendar workweek but explained that "in or around the end of December 2015 or beginning of January 2016," he did not receive a legally compliant meal period).

The cases on which defendants rely are distinguishable. *See* Dkt. No. 5 (citing *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1192–93 (N.D. Cal. 2014) and *Navarrette v. 5–Keys Charter Sch.*, No. 20-CV-02579-PJH, 2021 WL 2383327, at *7 (N.D. Cal. Jun. 10, 2021)). In both, the claims included far less specificity than Mr. Rodriguez's claims do here. In *Perez*, "there [were] no details pled as to any specific named plaintiff—not where he/she worked, not what his/her job duties were, not what the circumstances were under which any plaintiff was allegedly not paid minimum wage 'and/or' overtime in a particular week." 75 F. Supp. 3d at 1191. In

*Navarrette*, the plaintiff's "blanket" pleading that he "worked overtime every weekday, in every week, with additional hours on weekends" was "implausible considering his other allegations." 2021 WL 2383327, at *7.

However, Mr. Rodriguez's allegations are deficient in one respect. His allegations regarding unpaid on-call time are not sufficient, standing alone, to support a claim for unpaid overtime compensation. Although "[i]t is well established that an employee's on call or standby time may require compensation," "California courts considering whether on-call time constitutes hours worked have primarily focused on the extent of the employer's control." *Mendiola v. CPS Sec. Solutions, Inc.*, 60 Cal. 4th 833, 840 (2015). "California courts consider a number of factors when determining whether an employer had control during on-call time, including: (1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; (7) whether the employee had actually engaged in personal activities during call-in time." *Id.* at 841. Here, the complaint does not include any factual allegations regarding the extent of defendants' control over Mr. Rodriguez or other class members during their on-call time, restrictions on their geographical location or movements, whether they could easily trade on-call responsibilities, or whether they actually engaged in personal activities during on-call time. Because the first and second claims do not solely depend on Mr. Rodriguez's allegations regarding unpaid on-call time, these deficiencies do not require dismissal of these claims.

Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's first and second claims.

### 2. Claims 4 and 5: Cal. Labor Code §§ 226.7, 512(a), 516, and 1198

Mr. Rodriguez alleges defendants violated the California Labor Code by failing to provide uninterrupted meal and rest periods. Dkt. No. 1, Ex. A ¶¶ 89–98, 99, 107. Defendants argue that the Court should dismiss these claims because Mr. Rodriguez "again alleges no specific date or instance during the relevant time period during which a violation allegedly occurred, which is

required to plead these claims." Dkt. No. 5 (citing *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 119-cv-00484, 2022 WL 411422, at *4 (E.D. Cal. Feb. 10, 2022)).

Mr. Rodriguez's allegations are sufficient to support a plausible inference that instances of meal-break and rest-period violations occurred. With respect to his meal-break claim, Mr. Rodriguez alleges that "about once per month, [he] took his meal period well into the seventh hour of work due to understaffing, the heavy workload, and pressure to meet inspection deadlines." Dkt. No. 1, Ex. A ¶ 93. Further, he alleges that "approximately once per month, [he] was required to work through his meal periods, due to the heavy workload, in order to complete his assigned tasks and meet Defendants' expectations." *Id.* He also alleges that "approximately three times per week, [he] had his meal periods interrupted and/or shortened to discuss work-related tasks with Defendants' managers either in-person or on his company-owned cellular phone." *Id.*, Ex. A ¶ 94. With respect to his rest-period claim, Mr. Rodriguez alleges that "[he] had to forego his rest periods approximately seven (7) times per week, due to Defendants' policy of assigning heavy workloads and deadlines and failing to provide sufficient rest period coverage." *Id.*, Ex. A ¶ 105. These allegations meet the Ninth Circuit's *Landers* standard. *See Landers*, 771 F.3d at 646 (plaintiff's allegations failed to provide "sufficient detail about the length and frequency of [his] unpaid work *to support a reasonable inference* that [he] worked more than forty hours in a given week") (emphasis added).

Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's fourth and fifth claims.

### 3. Claims 3 and 9: Cal. Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198, and Cal. Code of Regulations Title 8, § 11160 Subdivision 5(B)

Mr. Rodriguez alleges violations of the California Labor Code and the applicable IWC wage order for unpaid minimum wages and failure to provide reporting time pay. Dkt. No. 1, Ex. A ¶¶ 82–88, 129–134. Defendants argue that because Mr. Rodriguez's third and ninth claims are based on allegedly unpaid on-call time, and because these allegations are insufficient, Mr. Rodriguez fails to state a claim for relief. Dkt. No. 5 at 9 (citing *Tan*, 171 F. Supp. 3d at 1009).

The applicable wage order, IWC Order No. 16-2001, provides that "[e]ach workday an

1 employee is required to report for work and does report, but is not put to work or is furnished less
2 than half said employee's usual or scheduled day's work, the employee shall be paid for half the
3 usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4)
4 hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."
5 California Code of Regulations, Title 8, § 11160(5)(B). Mr. Rodriguez alleges with respect to his
6 third claim that defendants required him to work "on-call" shifts during which he and the other
7 class members "had to put their lives on hold and were restricted from using that time freely for
8 their own purposes." Dkt. No. 1, Ex. A ¶ 84. He also alleges, with respect to his ninth claim, that
9 "[w]hen scheduled for a[n] 'on-call' or standby shift, [he] and class members regularly presented
10 themselves as ready for work by waiting for supervisors to call them regarding emergency service
11 requests. When this occurred, Defendants did not pay [him] and class members for at least half of
12 their scheduled day's work or the minimum reporting time pay when they were subject to
13 Defendants' 'on-call' policy and were ultimately not called." *Id.*, Ex. A ¶ 133.

14 For the reasons explained above, Mr. Rodriguez's allegations regarding unpaid on-call
15 time are not sufficient. However, Mr. Rodriguez's third claim does not solely depend on
16 allegations regarding unpaid on-call time, but also relies on allegations that defendants failed to
17 pay him and other class members for "actual hours worked before and after scheduled shifts." *Id.*,
18 Ex. A ¶ 85. These hours included time spent traveling to and from distant jobsites and for drug
19 testing and physical exams, as well as time spent responding to work-related calls on their
20 personal mobile devices off-the-clock and during meal periods. *Id.*, Ex. A ¶¶ 85–86.
21 Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's third claim.

22 Conversely, Mr. Rodriguez's ninth claim relies exclusively on allegations regarding unpaid
23 on-call time. That is, his on-call responsibilities entitled him to minimum reporting time pay
24 while on-call. *Id.*, Ex. A ¶ 133. Because Mr. Rodriguez has not alleged facts sufficient to support
25 a plausible inference that his on-call time should have been compensated, he also has not alleged
26 facts sufficient to support a plausible claim that these same circumstances required minimum
27 reporting time pay.

28 Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's third claim

12

and grants their motion to dismiss his ninth claim.

#### 4. Claim 6: Cal. Labor Code §§ 226(a), 1174(d), and 1198

Mr. Rodriguez alleges defendants violated the California Labor Code by issuing non-compliant wage statements and failing to maintain accurate payroll records. Dkt. No. 1, Ex. A ¶¶ 108–116. Defendants argue that the Court should dismiss this claim because Mr. Rodriguez "does not allege a specific pay period or pay statement during which this occurred." Dkt. No. 5 at 9.

Defendants do not explain why the *Landers* standard should apply to this claim. The Court finds *Tan* persuasive on this point. There, the court reasoned that "nothing in *Landers* suggests that to state a plausible claim for failure to reimburse business expenses a plaintiff must identify a particular calendar week; here, the allegation is that GrubHub did not treat Plaintiffs as employees, they *never* reimbursed the identified expenses." 171 F. Supp. 3d at 1006 (emphasis in original). Here, Mr. Rodriguez alleges that "[a]t all relevant times" defendants issued wage statements that failed to comply with the applicable Labor Code sections and failed to maintain accurate payroll records. Dkt. No. 1, Ex. A ¶¶ 110, 114. He explains that these wage statements were non-compliant because "[d]efendants listed prevailing wages earned in lump sum amounts and did not list any applicable pay rates or corresponding hours worked." *Id.*, Ex. A ¶ 111. He also explains that defendants' payroll records were inaccurate because defendants did not "record the off-the-clock hours that [he and class members] worked," and because defendants "falsif[ied] time records by recording that compliant meal periods were taken regardless of if or when meal periods were actually taken." *Id.*, Ex. A ¶ 112, 114–115. Taken together with Mr. Rodriguez's other allegations regarding required off-the-clock work and non-compliant meal breaks and rest periods, the Court concludes that his allegations are sufficient to state a plausible claim for relief.

Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's sixth claim.

#### 5. Claim 7: Cal. Labor Code §§ 201 and 202

Mr. Rodriguez alleges defendants violated the California Labor Code by failing to pay wages earned and unpaid at the time he left defendants' employment. Defendants argue that the Court should dismiss Mr. Rodriguez's seventh claim because he "includes no facts about the

13

1  failure to pay timely final wages . . . such as the date he left Defendants' employment or received
2  his final check." Dkt. No. 5 at 9.

3        Defendants again do not explain why the *Landers* standard should apply to this claim, and
4  the Court again finds *Tan* persuasive on this point. *See* 171 F. Supp. 3d at 1006. As Mr.
5  Rodriguez explains, his seventh claim is "wholly derivative of" his unpaid overtime, minimum-
6  wage, meal-break, rest-period, and reporting time pay claims. Dkt. No. 1, Ex. A ¶ 118. In other
7  words, because Mr. Rodriguez's other claims allege that he was *never* paid wages he was owed, it
8  follows that he was not timely paid these wages "within seventy-two (72) hours of [] leaving
9  Defendants employ." *Id.*, Ex. A ¶ 120.

10        Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's seventh
11  claim.

### 6. Claims 8, 11 and 12: Cal. Labor Code § 204 and Cal. Bus. & Prof. Code §§ 17200, et seq.

Mr. Rodriguez alleges defendants violated the California Labor Code by failing to timely pay wages during employment and violated the California Business & Professions Code through unlawful and unfair business practices. Dkt. No. 1, Ex. A ¶¶ 129–134, 144–166, 167–172. Defendants argue that because these claims are "entirely derivative" of Mr. Rodriguez's wage and hour claims, they "lack[] specificity" and "fail to meet the *Twombly* standard for the same reasons as the underlying claims." Dkt. No. 5 at 9 (citing *Tan*, 171 F. Supp. 3d at 1010–11). Defendants make no other argument in support of their motion to dismiss Mr. Rodriguez's eighth, eleventh, and twelfth claims.

In *Tan*, the court reasoned that because the plaintiff's unlawful business practices claim was predicated on California Labor Code violations, the unlawful business practices claim should be dismissed "because the plaintiff has not adequately alleged any predicate unlawful acts." 171 F. Supp. 3d at 1010–11. Here, as explained above, the Court concludes that Mr. Rodriguez *has* adequately alleged violations of the following Labor Code provisions:

- California Labor Code §§ 510 and 1198 (Claim 2);
- California Labor Code §§ 226.7, 512(a), 516, and 1198 (Claims 4 and 5);

14

1  - California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Claim 3);
2  - California Labor Code §§ 226(a), 1174(d), and 1198 (Claim 6); and
3  - California Labor Code §§ 201 and 202 (Claim 7).

Because Mr. Rodriguez's eighth, eleventh, and twelfth claims are "wholly derivative of" his other state law claims, which (with the exception of claim 9) the Court finds are sufficiently pled, the allegations of these other state law claims are sufficient to support Mr. Rodriguez's derivative claims. *See* Dkt. No. 1, Ex. A ¶¶ 123, 149(a)–(m), 170.

Accordingly, the Court denies defendants' motion to dismiss Mr. Rodriguez's eighth, eleventh, and twelfth claims.

### D. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. Because the Court cannot say that any of these factors is present, the Court will grant Mr. Rodriguez leave to amend his ninth claim and his allegations concerning unpaid on-call time.

## IV. CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to strike Mr. Rodriguez's class allegations. The Court also denies defendants' motion to dismiss claims 1–8 and 11–12. The Court grants defendants' motion to dismiss claim 9 with leave to amend. Mr. Rodriguez may also amend his allegations concerning unpaid on-call time.

//
//
//
//

**IT IS SO ORDERED.**

Dated: June 2, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge