United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD RODRIGUEZ,

Plaintiff,

v.

BELFOR USA GROUP, INC., et al.,

Defendants.

Case No.  22-cv-02071-VKD

**ORDER REQUESTING SUPPLEMENTAL SUBMISSION**

Re: Dkt. No. 39

On January 23, 2024, the Court held a hearing on plaintiff's unopposed motion for preliminary approval of the parties' class, collective, and PAGA action settlement.  Dkt. No. 43. As discussed at the hearing, the Court directs plaintiff to file a supplemental submission addressing the following issues.  Defendants may join in plaintiff's submission or separately file their own.

1.      Released Class Claims:  The proposed settlement defines "Class Members" (or the "Settlement Class") as "all persons who were employed in the State of California in non-exempt positions" at any time during the "Class Period."  Dkt. No. 39-1, Ex. 1 ¶ 5.  All Class Members who do not submit timely requests for exclusion (i.e. "opt out") from the settlement release all claims asserted in the action, including claims for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.  See id.* ¶¶ 27, 30.  Because the FLSA only authorizes collective actions on behalf of plaintiffs who affirmatively consent to participate (i.e. "opt in"), 29 U.S.C. § 216(b), the Court questions whether it has authority to approve a settlement that results in the release of Class Members' FLSA claims on an "opt out" basis, without their affirmative consent.

1        *Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106 (9th Cir. 2018), which

2 plaintiff cited during the hearing, does not address this question. *Rangel* holds merely that, as a

3 matter of California law, a settlement of a class action for violation of provisions of the California

4 Labor Code that included a release of "all claims that . . . could have been pled based on the

5 factual allegations of the Complaint" barred a later FLSA claim asserted by an individual class

6 member based on those same factual allegations. *Id.* at 1108-09.  The Ninth Circuit concluded

7 that because the FLSA claim was within the scope of the release, the state court judgment

8 following settlement had a preclusive effect with respect to the plaintiff's separate FLSA claim.

9 *Id.* at 1110-12.  *Rangel* does not address the circumstances presented here, where plaintiff asserts

10 state law and FLSA claims in the same action, and proposes to have all Class Members release

11 their FLSA claims without opting in to the collective action.  Indeed, *Rangel* described as "not

12 wrong" the premise that "the FLSA claims could not have been litigated through an opt-out class";

13 rather, the Ninth Circuit concluded that the plaintiff in that case was "wrong about the import [of

14 collective action and opt out class mechanisms] for res judicata purposes." *Id.* at 1111.  The Court

15 is not aware of any authority for the approach reflected in the parties' proposed settlement with

16 respect to the FLSA claims released by the Class Members. *See, e.g.*, *Haralson v. U.S. Aviation*

17 *Servs. Corp.*, 383 F. Supp. 3d 959, 968-69 (N.D. Cal. 2019) (discussing several unsatisfactory

18 approaches to release of FLSA claims in hybrid Rule 23/collective action settlements).

19        2.      <u>Adequacy of representation by Mr. Rodriguez</u>:  Mr. Rodriguez has FLSA claims,

20 but he is not an "FLSA Collective Action Member" for purposes of the proposed settlement, as the

21 FLSA Collection Action excludes employees, like Mr. Rodriguez, who worked in California. *See*

22 Dkt. No. 39-1, Ex. 1 ¶ 13.  In these circumstances, the Court questions whether Mr. Rodriguez is

23 an adequate representative for the FLSA collective *for purposes of settlement*, as he is not

24 similarly situated to other members of the FLSA collective. *See* 29 U.S.C. § 216(b) (plaintiff may

25 maintain a FLSA collective action "for and in behalf of himself or themselves and other

26 employees similarly situated").

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

3.     <u>Whether the settlement is fair, adequate, and reasonable</u>:  Plaintiff's motion does not address in any meaningful way the strength of plaintiff's state law, FLSA, and PAGA claims, or how defendants' defenses and other factors bear on the Court's assessment of whether the proposed resolution of each set of claims is "fair, adequate, and reasonable."  *See* Fed. R. Civ. P. 23(e)(2).  It is not sufficient to simply observe that the outcome of litigation is uncertain, and that plaintiff would actually have to prove his claims, as this is true for all litigation.  The supplemental submission should supply enough information to permit the Court evaluate the proposed resolution of the state law, FLSA, and PAGA claims, and should explain how the parties chose to allocate settlement funds to each set of claims.

4.     <u>Data security</u>:  Plaintiff shall submit a declaration from the proposed settlement administrator addressing the steps the administrator will take to maintain the security and confidentiality of class and collective action members' personal information.  *See* Procedural Guidance for Class Action Settlements, Preliminary Approval Guidelines § 2(b).[1]

5.     <u>Cy pres recipient</u>:  The supplemental submission shall describe Worksafe and its relationship to the subject matter of this case, and shall disclose any relationships between Worksafe and the parties or their counsel.  *See* Preliminary Approval Guidelines § 8.

The parties shall file their supplemental submissions by **February 23, 2024**, unless they stipulate to a later deadline.

**IT IS SO ORDERED.**

Dated: January 24, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] The Northern District of California's Procedural Guidance for Class Action Settlements is available at:  https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/.

3